756 A.2d 1103

**Peter R. DeFAZIO, Sheriff of Allegheny County**

v.

**CIVIL SERVICE COMMISSION OF ALLEGHENY COUNTY, D. Michael Fisher, Attorney General of Pennsylvania.**

**Appeal of D. Michael Fisher, Attorney General of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued March 7, 2000.

Decided Aug. 21, 2000.

J. Bart DeLone, Lemoyne, for Atty. Gen.

George Janocasko for Civil Service Com'n.

John A. Barcharach, Pittsburgh, for Peter R. DeFazio.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is a direct appeal from the judgment of the trial court, pursuant to 42 Pa.C.S. § 722(7), deeming certain civil service legislation unconstitutional. The issue is whether the legislation, requiring sheriffs of second class counties to abide by certain hiring and promotion procedures and limiting the political activities of the sheriff's employees,[1] violates the equal protection principles of the Constitution of Pennsylvania, specifically Article III, § 32.

Sheriff DeFazio brought this action in equity seeking to enjoin Allegheny County from enforcing this legislation directed specifically at his office. After a hearing on the matter, the trial court issued a preliminary injunction and scheduled a final hearing at which the court agreed with the sheriff, declared the legislation unconstitutional and issued a permanent injunction.[2] The Attorney General's office, as intervenor, is now appealing that determination.

The act provides in pertinent part:

**§ 4216. Sheriff's employes, counties of second class**

(b) Whenever a vacancy is likely to occur or is to be filled in a permanent position in the office of the sheriff, the sheriff shall submit to the civil service commission a statement indicating the position to be filled. The civil service commission shall thereupon certify to the sheriff the names of the three eligibles willing to accept the appointment who are highest according to the results of the written examination, on the appropriate promotion list or employment list, whichever is in existence....

(c) Appointees shall be selected for each existing vacancy from the eligible list in the order of names of the three

1. The legislation in question is contained in 16 P.S. §§ 4216 and 4217. In their briefs and in the trial court's opinion, the parties refer to the legislation as designated by Purdon's Pennsylvania Legislative Service, i.e., Act 1 of 1998, Sections 1216 and 1217.

2. Although the county was represented, and presented argument, at both hearings, the Attorney General did not appear at either hearing to defend the statute.

persons thereon who have received the highest average on the written examination. Examinations shall be administered for positions of the rank of captain and below and appointments shall be made in the order of names of the three persons who have received the highest average. . . .

§ 4217. **Political activity by the sheriff's employes in counties of the second class**

(a) No employe shall use his official authority or influence for the purpose of interfering with or affecting the result of an election.

(b) No employe shall take an active part in political management or in a political campaign. . . .

The act goes on to list specifically proscribed political activities. It also provides that if an employee violates section 4217, he "shall be removed from employment and funds appropriated for the position from which [he was] removed thereafter may not be used to pay the employe . . . [alternatively he may face suspension of 30 to 120 days at the discretion of the civil service commission]." 42 P.S. § 4217(f).

As a preliminary matter we will address appellant's assertion that the sheriff lacks standing to challenge the constitutionality of section 4217. Essentially, appellant argues that because section 4217 limits the activities of the sheriff's employees, and not those of the sheriff himself, the sheriff has no direct and substantial interest in his claim of unconstitutionality and therefore does not have standing to bring this action.

█ The test for standing is that "one who seeks to challenge governmental action must show a direct and substantial interest [and] a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as 'immediate' rather than 'remote'." *Allegheny County v. Monzo*, 509 Pa. 26, 500 A.2d 1096, 1100 (1985)(citing *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975)). We further explained that a substantial interest requires "some discernible adverse effect to some interest other than the abstract interest of all citizens

in having others comply with the law.... [D]irect simply means that the person claiming to be aggrieved must show causation of the harm to his interest by [the government's actions]." *Monzo* at 1100. The immediacy or remoteness of the injury is determined by the "nature of the causal connection between the action complained of and the injury to the person challenging it." *Id.*

In the present case, section 4217 regulates the activities of the sheriff's employees both in and out of the workplace. It further mandates that employees who violate the provisions of this section must be terminated unless the civil service commission agrees to a suspension of the employee. Finally, the section prohibits the sheriff from using appropriated funds to pay the employee who has violated the act.

It cannot be disputed that the sheriff has a substantial interest in the management and operation of his office. This interest encompasses the supervision of his employees, determining which employees should be terminated (and for what reasons), as well as the utilization of appropriated funds. These interests are clearly affected by the statute. The act plainly interferes with the sheriff's interest in the management and operation of his office as it limits his ability to supervise his employees, his ability to determine whether certain employees should be terminated, and his ability to utilize appropriated funds. The causal connection is also clear. The interference with the sheriff's management and operation of his office result directly from the mandates of the act. The adverse effects and causal connection of the act are sufficient in this case to confer standing upon the sheriff.

Sheriff DeFazio brought this complaint in equity contending that sections 4216 and 4217 violate the equal protection principles of the Pennsylvania constitution. We agree.

Legislative acts of the general assembly enjoy a strong presumption of constitutionality and the party challenging the legislation bears a heavy burden of persuasion. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). "Legislation will not be invalidated

unless it clearly, palpably, and plainly violates the constitution...." *Id.* at 331–32. Furthermore, the Constitution of Pennsylvania grants the legislature the power to classify counties, inter alia, on the basis of their population and deems such classifications as general legislation for purposes of constitutional review. Pa. Constitution Art. 3, § 20. On the basis of its population, Allegheny County has been classified as a county of the second class, the only county so classified. 17 P.S. § 210(2).

In Pennsylvania, constitutional equal protection is grounded in the following language: "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically the General Assembly shall not pass any local or special law: 1. Regulating the affairs of counties, cities, townships, wards, boroughs or school districts...." Pa. Constitution Art. 3, § 32. We have repeatedly held that the underlying purpose of this section is analogous to the equal protection clause of the federal constitution and that our analysis and interpretation of the clause should be guided by the same principles that apply in interpretation of federal equal protection. *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981). In *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265 (1995), we explained the nature of equal protection analysis:

> The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law. The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs. The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. In other words, a classification

must rest upon some ground of difference which justifies the classification and have a fair and substantial relationship to the object of the legislation.

*Curtis, supra* at 267–68 (citations omitted).

Here, the Attorney General argues that the legislative classification of Allegheny County as a second class county and the unique function of the sheriff's office rest upon just such a "ground of difference" justifying the classification and the different treatment. However, the legislation in question goes beyond merely singling out Allegheny County as a class to be treated differently and in essence has effectively created a new sub-classification, that of the sheriffs of second class counties. Plainly such a sub-classification bears no relationship either to the distinction of Allegheny County as a county of the second class or to any unique function of the office of county sheriff.

We find appellant's arguments to the contrary unpersuasive. While the legislature can treat different classes of counties differently, that is not what has occurred here. One particular county officer may not be treated differently from the other similar officers throughout the commonwealth merely because that officer is within a certain class of county. The distinction created by this legislation bears no fair or reasonable relationship to the object of the legislation and bears no relationship to the distinction of Allegheny County as a county of the second class.

Neither does it bear a fair or reasonable relationship to the function of the office of sheriff. There is no rational basis for the sub-classification and different treatment of sheriffs of second class counties either from the sheriffs of all counties or from the other officers of second class counties. This legislation singles out the sheriff of Allegheny County, designating him the only county official in the commonwealth without some discretion in the hiring, termination or promotion of his employees. One particular county officer may not be treated differently from the other officers of that county unless the difference in treatment bears some reasonable relationship to

some unique characteristic of that particular office. Here, appellant points to the sheriff's office interaction with the public and the judicial system as features which distinguish it from the other county offices. While to some extent this distinction may exist, it is insufficient to justify different treatment from other offices which have, to varying extents, the same types of interaction, e.g., the county police, the district attorney, and others who must relate to both the public and the courts.

In this case, sections 4216 and 4217 bear no relationship to the status of Allegheny County's second class classification or to any unique characteristic of the office of sheriff in a second class county. Judgment affirmed.

Justice ZAPPALA concurs in the result.