**PENNSYLVANIA TURNPIKE COMMISSION, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Attorney General of Pennsylvania and Pennsylvania Labor Relations Board and International Brotherhood of Teamsters AFL–CIO, Local 30, Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 3, 2004.

Decided July 30, 2004.

As Amended Aug. 4, 2004.

Marjorie A. George and John P. McLaughlin, Philadelphia, for petitioners.

Joel Barras, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

The Pennsylvania Turnpike Commission (Commission) moves for summary judgment on the basis that the First–Level Supervisor Collective Bargaining Act (Act)[1] is unconstitutional as a special law. The International Brotherhood of Teamsters, AFL–CIO, Local 30 (Local 30) moves for summary judgment on the basis that the Act is constitutional. The Commonwealth of Pennsylvania (Commonwealth) also seeks judgment in its favor in opposition to the Commission.

1. Act of December 9, 2002, P.L. 1399, *as* *amended,* 43 P.S. §§ 1103.101–1103.701.

The Act became effective on December 9, 2002. It provides that the Commission shall engage in collective bargaining with its first-level supervisors[2] and that collective bargaining shall begin at least six months before the start of the fiscal year of the Commission. The Act prohibits strikes by first-level supervisors.

Approximately fifty of the Commission's 2,400 employees are first-level supervisors represented by Local 30. Prior to the Act, the Commission's first-level supervisors represented by Local 30 were in a "meet and discuss" first-level supervisory unit pursuant to the Public Employe Relations Act (Act 195).[3] The Act changes the bargaining relationship between the Commission and the first-level supervisors from a "meet and discuss" relationship under Act 195 to a collective bargaining relationship and provides for a procedure akin to binding interest arbitration. The Act applies to the Commission but to no other public employer.

On January 6, 2003, Ernest P. Gigliotti, president of Local 30, requested by letter that the Commission collectively bargain with Local 30 as the representative of the first-level supervisors. The Commission informed Local 30 that it was not obligated to commence negotiations with Local 30 until six months prior to the start of the Commission's fiscal year, May 31, 2004. *See* Section 302 of the Act, 43 P.S. § 1103.302.

The Commission petitions for review in this Court and seeks a declaratory judgment that the Act is unconstitutional and also seeks to indefinitely stay the implementation of the Act. The Commission alleges that the Act violates Article III, Section 32(7) of the Pennsylvania Constitution[4] because the Act applies only to first-level supervisors the Commission employs.

The Commonwealth has answered and raised new matter. The Commonwealth asserts that the Act is constitutional and that the complaint should be dismissed because it fails to state a claim upon which relief may be granted. In response, the Commission denies the Commonwealth's allegations.

On March 17, 2004, this Court held a hearing and ordered the Commission to file a motion for summary judgment.[5] The

2. A "first-level supervisor" is defined under Section 102 of the Act, 43 P.S. § 1103.102, as "[a]n employee functioning at the lowest level as a supervisor." The term "first level supervisors" includes foremen, assistant foremen, tunnel supervisors, communications and traffic technicians, and custodial worker supervisors.

3. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

4. Article III, Section 32(7) of the Pennsylvania Constitution provides "[t]he General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically the General Assembly shall not pass any local or special law:.... 7) Regulating labor, trade, mining or manufacturing."

5. Under the Pennsylvania Rules of Civil Procedure, summary judgment may be granted as a matter of law when there is no genuine issue of material fact as to a necessary element of the plaintiff's cause of action. Pa. R.C.P. No. 1035.2. The non-moving party "must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that [a court could rule in his] favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot News-Company*, 544 Pa. 93, 101–102, 674 A.2d 1038, 1042 (1996). Summary judgment may be granted only in cases where the right is clear and free from doubt, and the moving party has the burden of proving the non-existence of any issue of material fact. The record must be viewed in the light most favorable to the non-moving party and all doubts as to the existence of a genuine issue of material fact must be resolved against

Commission petitions for summary judgment and asserts that because the Act violates Article III, Section 32 of the Pennsylvania Constitution as a special law that contains a class of one, the Commission, it is per se unconstitutional.[6] The Commission also contends that even if the Act is not per se unconstitutional there is no rational reason to treat the Commission differently from all other public employers.

With respect to the Commission's argument[7] that there is no rational reason to treat the Commission differently from other public employers, it is clear that the Commission is the only public employer mentioned in the Act because the term "Public Employer" is defined as the "Pennsylvania Turnpike Commission" at Section 102 of the Act, 43 P.S. § 1103.102, and there is only one Turnpike Commission in the Commonwealth.

■ The prohibition against special laws contained in the Pennsylvania Constitution is understood to include principles of equal protection under the law. Article III, Section 32 of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution, *see* U.S. CONST. amend. XIV, § 1, both reflect the principle that persons in like circumstances must be treated similarly. Equally fundamental, equal protection principles do not vitiate the General Assembly's authority to enact laws for the health, safety, and welfare of the Commonwealth that provide classifications. *Harrisburg School District v. Zogby*, 574 Pa. 121, 828 A.2d 1079 (2003).

■ To determine whether an act constitutes an impermissible special law in violation of Article III, Section 32 of the Pennsylvania Constitution, this Court must decide whether 1) the challenged statute seeks to promote a legitimate state interest or public value and 2) if the statute does seek to promote a legitimate state interest or public value, then the Court must determine whether the classification is reasonably related to accomplishing that articulated state interest or interests. *Curtis v. Kline*, 542 Pa. 249, 257, 666 A.2d 265, 269 (1995).

■ The Commission concedes that this Court could likely find that the Act promotes a legitimate state interest or public value if the Act creates meaningful labor relations between the Commission and its first-level supervisors. However, the Commission maintains that these policy arguments apply no more to the Commission than to any other public employer. In other words, the Commission argues that the Act fails the second prong of the test because there is no rational reason to classify the Commission so that it is treated differently from all other public employers.

In *DeFazio v. Civil Service Commission of Allegheny County*, 562 Pa. 431, 756 A.2d 1103 (2000), our Pennsylvania Supreme Court affirmed the order of the Court of Common Pleas of Allegheny County that struck down legislation which required sheriffs of second class counties to follow certain hiring and promotion procedures and also limited the political activities of the sheriff's employees. Our Supreme Court found the legislation violated Article

---

the moving party. *Kee v. Pennsylvania Turnpike Commission,* 722 A.2d 1123 (Pa.Cmwlth. 1998).

**6.** Local 30 alleges it is entitled to summary judgment as a matter of law on the basis that the Act is constitutional. In its brief, the

Commonwealth asks this Court to enter judgment in its favor and against the Commission.

**7.** This Court has foregone the sequence of the Commission's arguments.

III, Section 32 of the Pennsylvania Constitution:

> [T]he legislation in question goes beyond merely singling out Allegheny County as a class to be treated differently and in essence has effectively created a new sub-classification, that of the sheriffs of second class counties. Plainly such a sub-classification bears no relationship either to the distinction of Allegheny County as a county of the second class or to any unique function of the office of county sheriff.
>
> ... While the legislature can treat different classes of counties differently, that is not what has occurred here. One particular county officer may not be treated differently from the other similar officers throughout the commonwealth merely because that officer is within a certain class of county. The distinction created by this legislation bears no fair or reasonable relationship to the object of the legislation and bears no relationship to the distinction of Allegheny County as a county of the second class.
>
> Neither does it bear a fair or reasonable relationship to the function of the office of sheriff. There is no rational basis for the sub-classification and different treatment of sheriffs of second class counties either from the sheriffs of all counties or from the other officers of second class counties.

*DeFazio*, 562 Pa. at 437, 756 A.2d at 1106.

Here, the reasoning of *DeFazio* is persuasive. This Court discerns no rational reason to treat first-level supervisors of the Commission differently from first-level supervisors employed by any other public employer. This Court agrees with the Commission that the Act violates Article III, Section 32 of the Pennsylvania Constitution and is unconstitutional.[8]

Accordingly, the Commission's motion for summary judgment is granted, and the Union's motion for summary judgment is denied.[9]

### ORDER

AND NOW, this 30th day of July, 2004, the motion for summary judgment of the Pennsylvania Turnpike Commission is granted and the motion for summary judgment of the International Brotherhood of Teamsters AFL–CIO, Local 30 is denied.

---

8. The Commonwealth asserts that the prevention of harm to public safety and mobility stemming from labor disputes within the Commission, and the desirability of extending collective bargaining rights to first-level supervisors on a step-by-step basis, provide rational reasons for the Act. As to the argument concerning the prevention of harm to the public safety and mobility due to unresolved labor disputes, this Court does not agree. Before the Act, first-level supervisors of the Commission did not have the right to strike. Therefore, it is difficult to see how an unre- solved labor dispute would harm the public or hinder its ability to use the Turnpike. Similarly, while the extension of collective bargaining rights to first-level supervisors of the Commission might be a valid goal of the Commonwealth, there is simply no reason to single out the Commission.

9. This Court need not address the Commission's contention that the Act is per se unconstitutional based upon the conclusion that the Act is special legislation.