IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and : 
Chichester School District, on behalf : 
of themselves and all others similarly : 
situated, : 
                Petitioners : 
  : 
  : 
       v. : 
  : 
Michael Rossi, in the official capacity as the : 
Prothonotary of the Court of Common Pleas : 
of Beaver County, Pennsylvania, and : 
Cathy J. Fetter, in the official capacity as the : 
Prothonotary of the Court of Common Pleas : 
of Bedford County, Pennsylvania, and : 
Jonathan K. DelCollo in the official : 
capacity as the Prothonotary of the Court : 
of Common Pleas of Berks County, : 
Pennsylvania, and Robin G. Patton in the : 
official capacity as the Prothonotary of the : 
Court of Common Pleas of Blair County, : 
Pennsylvania, and Dawn Close in the : 
official capacity as the Prothonotary of the : 
Court of Common Pleas of Bradford : 
County, Pennsylvania and Judith Reiss in : 
the official capacity as the Prothonotary : 
of the Court of Common Pleas : 
of Bucks County, Pennsylvania, and : 
Kelly Ferrari in the official capacity as the : 
Prothonotary of the Court of Common : 
Pleas of Butler County, Pennsylvania, and : 
Lisa Crynock in the official capacity as the : 
Prothonotary of the Court of Common Pleas : 
of Cambria County, Pennsylvania, and : 
Mary Grace Olay in the official capacity as : 
the Prothonotary of the Court of Common : 
Pleas of Cameron County, Pennsylvania, : 
and Kayla M. Semmel in the official : 
capacity as the Prothonotary of the Court of : 
Common Pleas of Carbon County, : 
Pennsylvania, and Jeremy S. Breon in the :

official capacity as the Prothonotary of the :
Court of Common Pleas of Centre County, :
Pennsylvania, and Debbie Bookman in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Chester County, :
Pennsylvania, and Jeffrey Hines in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Clarion County, :
Pennsylvania, and Brian K. Spencer in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Clearfield :
County, Pennsylvania, and Cynthia A. Love :
in the official capacity as the Prothonotary :
of the Court of Common Pleas of Clinton :
County, Pennsylvania, and Barbara N. :
Silvetti in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Columbia County, Pennsylvania, and :
Emmy Arnett in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Crawford County, Pennsylvania, and :
Dale E. Sabadish in the official capacity as :
the Prothonotary of the Court of Common :
Pleas of Cumberland County, Pennsylvania, :
and Mary J. Walk in the official capacity as :
the Director of Office of Judicial Support :
of the Court of Common Pleas of Delaware :
County, Pennsylvania, and Nina Capuzzi :
Frankhouser in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Fayette County, Pennsylvania, and :
Dawn M. Millin in the official capacity as :
the Prothonotary of the Court of Common :
Pleas of Forest County, Pennsylvania, and :
Timothy Sponseller in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Franklin County, :
Pennsylvania, and Patty Fix in the official :
capacity as the Prothonotary of the :
Court of Common Pleas of Fulton County, :
Pennsylvania, and Susan K. White in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Greene County, :

Pennsylvania, and Kay Coons in the :
official capacity as the Prothonotary of :
the Court of Common Pleas of :
Huntingdon County, Pennsylvania, and :
Randy Degenkolb in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Indiana County, :
Pennsylvania, and Tonya S. Geist in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Jefferson :
County, Pennsylvania, and Lori A. Ferry :
in the official capacity as the Prothonotary :
of the Court of Common Pleas of Juniata :
County, Pennsylvania, and :
Mauri B. Kelly in the official capacity as :
the Prothonotary of the Court of Common :
Pleas of Lackawanna County, Pennsylvania, :
and Jim Haddock in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Luzerne County, :
Pennsylvania, and Thomas D. Heap in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Lycoming :
County, Pennsylvania, and Laura Isadore in :
the official capacity as the Prothonotary of :
the Court of Common Pleas :
of McKean County, Pennsylvania, and :
Tammy Stuck in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Mifflin County, Pennsylvania, and :
George Warden in the official capacity as :
The Prothonotary of the Court of Common :
Pleas of Monroe County, Pennsylvania, and :
Susan N. Kauwell in the official capacity as :
the Prothonotary of the Court of Common :
Pleas of Montour County, Pennsylvania, :
and Holly Ruggiero in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Northampton County, :
Pennsylvania, and Jamie Saleski in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Northumberland :
County, Pennsylvania, and Zoe Burd in the :

official capacity as the Prothonotary of the :
Court of Common Pleas of Perry County, :
Pennsylvania, and Denise Fitzpatrick in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Pike County, :
Pennsylvania, and Bridget Miller in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Schuylkill :
County, Pennsylvania, and Stephanie Wolf :
in the official capacity as the Prothonotary :
of the Court of Common Pleas :
of Snyder County, Pennsylvania, and :
Angie G. Svonavec in the official capacity :
as the Prothonotary of the Court of :
Common Pleas, Somerset County, :
Pennsylvania, and Kellie Carpenter in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Sullivan County, :
Pennsylvania, and Marie Seymour in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Tioga County, :
Pennsylvania, and Diane Miller in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Union County, :
Pennsylvania, and Paula M. Palmer in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Venango :
County, Pennsylvania, and Jen Phillips in :
the official capacity as the Prothonotary of :
the Court of Common Pleas of Warren :
County, Pennsylvania, and Laura Hough in :
the official capacity as the Prothonotary of :
the Court of Common Pleas of Washington :
County, Pennsylvania, and Edward :
Sandercock in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Wayne County, :
Pennsylvania, and Christina O'Brien in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Westmoreland :
County, Pennsylvania, and :
Cindy Adams in the official capacity as the :
Prothonotary of the Court of Common Pleas :

of Wyoming County, Pennsylvania, and   :   No. 133 M.D. 2021
Allison Blew in the official capacity as the  :
Prothonotary of the Court of Common Pleas :   Argued: March 10, 2022
of York County, Pennsylvania,         :
                         Respondents   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE McCULLOUGH                  FILED: April 29, 2022


On April 26, 2021, Chester Upland School District and Chichester School District (Petitioners) initiated this putative class action under Rules 1701-1717 of the Pennsylvania Rules of Civil Procedure (Pa. R.Civ.P. 1701-1717) on behalf of themselves and all political subdivisions similarly situated by filing a petition for review[1] against the Director of the Office of Judicial Support (OJS) of the County of Delaware[2] and fifty-two prothonotaries of courts of common pleas in counties of the second class A, the third through eighth classes, and home rule counties, seeking declaratory and injunctive relief and monetary damages for allegedly overcharging court fees in excess of the limitations contained in what is commonly referred to as the

---

[1] Petitioners filed an Amended Petition for Review (Amended Petition) on July 12, 2021, which is the operative pleading before the Court.

[2] As a home rule county, Delaware County has replaced its Office of the Clerk of Courts and Office of the Prothonotary with the OJS, which performs the functions of a prothonotary.

Prothonotary Fee Act, 42 P.S. §§21071,[3] 21075[4] (for third through eighth class counties and home rule counties) and 42 P.S. §§21161,[5] 21165[6] (for second class A counties). Presently before the Court are preliminary objections (POs) filed by the Prothonotaries of Beaver, Bedford, Berks, Blair, Bradford, Bucks, Butler, Cambria, Carbon, Centre, Chester, Clarion, Clearfield, Clinton, Columbia, Crawford, Cumberland, Fayette, Forest, Franklin, Fulton, Greene, Huntingdon, Indiana, Jefferson, Juniata, Lackawanna, Luzerne, Lycoming, McKean, Mifflin, Monroe, Montour, Northampton, Northumberland, Perry, Pike, Schuylkill, Snyder, Sullivan, Tioga, Union, Venango, Warren, Washington, Wayne, Westmoreland, Wyoming and York Counties (collectively, Respondents).

---

[3] Act of November 26, 1982, P.L. 744, *as amended*. Pursuant to the schedule of fees in section 1 of the Prothonotary Fee Act, fees to be received by a prothonotary of a court of common pleas in a county of the third through the eighth class and home rule county include: fees to file an appeal from the court of common pleas to an appellate court ($30); to file an acknowledgment of sheriff, treasurer or tax claim bureau deed ($5); to file an assignment ($5); to file a building agreement ($10); for certifications ($3-$10); to commence an action ($15-$50); to file a praecipe for writ of execution, attachment or possession ($15); for the entry of a judgment or decree ($9); to file a lien ($9); to register a notary public ($2); to revive a judgment ($9-$15); for subpoenas ($2); for record searches ($1-$5); and for entry of a satisfaction or termination of an action ($15). 42 P.S. §21071.

[4] Section 5 of the Prothonotary Fee Act states: "The maximum fee to be charged a political subdivision for any one of the services provided for herein shall be $10." 42 P.S. §21075.

[5] Act of February 14, 1986 (1986 Act), P.L. 7, *as amended*. Pursuant to the schedule of fees in section 1 of the 1986 Act, fees to be received by a prothonotary of a court of common pleas in a second class A county include: fees to file an appeal from the court of common pleas to an appellate court ($30); to file an acknowledgment of sheriff, treasurer or tax claim bureau deed ($5); to file an assignment ($5); to file a building agreement ($10); for certifications ($3-$10); to commence an action ($25-$125); to file a praecipe for writ of execution, attachment or possession ($15); for the entry of a judgment or decree ($9); to file a lien ($9); to register a notary public ($2); to revive a judgment ($9-$15); for subpoenas ($2); for record searches ($1-$5); and for entry of a satisfaction or termination of an action ($5). 42 P.S. §21161.

[6] Section 5 of the 1986 Act states "The maximum fee to be charged to the Commonwealth or a political subdivision for any one of the services provided herein shall be $10." 42 P.S. §21165.

2

## I. Background

Petitioners are two political subdivisions located in Delaware County. (Amended Petition, ¶¶ 2-3.) Petitioners seek to represent a proposed class of all political subdivisions, as defined by 101 Pa. Code §23.226 ("school districts, municipalities, and counties, as applicable"), throughout the entire Commonwealth of Pennsylvania which have in the preceding four years filed a document in any of the Respondents' Courts of Common Pleas and which were charged fees "in excess of the statutorily set fees." *Id.* ¶¶ 64, 70. There are in excess of 3,000 members in the proposed class definition. *Id.* ¶ 72.

Each of the parties constituting a Respondent is a Prothonotary, or counterpart, of a home rule county or county of the second class A or of the third to eighth class. *Id.* ¶ 65. Petitioners assert that

> 66. Pursuant to Pennsylvania law relating to a county of Class 2 A through Class 8, the maximum fee to be charged to the Commonwealth or a political subdivision for any one of the services provided herein shall be $10. 42 P.S. § 21075; 42 P.S. § 21165.
>
> 67. Upon information and belief, during the period of time from the respective effective dates of 42 P.S. § 21075 (during 1982) and 42 P.S. § 21165 (during 1986), as applicable, up to the date of the filing of this Petition, each of the Respondents has overcharged one or more of the Petitioners, in violation of the foregoing statutory limitation.
>
> 68. Petitioners allege that each Respondent has overcharged a Petitioner and/or Petitioners for court services in excess of the statutory limitation and instead charged Petitioner(s) the same amount it charged to a party which is not a political subdivision.

*Id.* ¶¶ 66-68 (footnote omitted).

Petitioners allege that they personally were charged unauthorized and excessive court fees by Delaware County's OJS in violation of the $10 maximums set forth in section 5 of the Prothonotary Fee Act and section 5 of the 1986 Act. *Id*. ¶ 57.[7] Petitioners do not allege specifically that either of them has paid a court fee to any County's prothonotary other than to Delaware County's OJS. They aver that they require discovery in order to ascertain the factual details about which of the Respondents overcharged which of the Petitioners, and the factual details of the parties, dates, and amounts of all instances of an overcharge. *Id*. ¶ 72.

In Count I, Petitioners request the entry of a declaratory judgment that Respondents have violated the Prothonotary Fee Act and the 1986 Act by overcharging the putative class members for court fees and should be compelled to issue refunds. *Id*. ¶ 91.

In Count II, Petitioners allege that, during the four-year period prior to the date of filing of their Amended Petition, all Respondents have been unjustly enriched by receiving fees that are "more than the statutorily limited court fees." *Id*. ¶¶ 99, 101.

Petitioners further request class certification, issuance of an injunction limiting all Respondents from collecting fees, an award of counsel fees and costs, and an award of money damages as reimbursement for excessive fees. *Id*. at 23-25.[8]

---

[7] Specifically, Paragraph 57 of the Amended Petition alleges: "This case is brought by the Class Representatives *against whom unauthorized and excessive fees were charged by the Delaware Court of Common Pleas*, on behalf of themselves and on behalf of all political subdivisions similarly situated." (Amended Petition ¶ 57 (emphasis added.))

[8] No petition to certify the class has been filed to date. *See* Pa. R.Civ.P. 1707.

4

## II. Respondents' POs

On August 10, 2021, Respondents filed joint POs,[9] challenging the legal sufficiency of the Amended Petition. In their first PO, Respondents demurrer to Count I (declaratory relief) and Count II (unjust enrichment) on the ground that the allegations set forth in the Amended Petition are insufficient to establish entitlement to relief because, effective January 20, 1999, prothonotaries were permitted to increase filing fees charged to political subdivisions notwithstanding the prior $10 cap. Section 1.1 of the Prothonotary Fee Act, added by the Act of December 21, 1998, P.L. 1271, 42 P.S. §21071.1(a). In their second PO, Respondents demurrer to Count I (declaratory relief) and Count II (unjust enrichment) on the ground that the Amended Petition is devoid of any factual assertions that would permit the inference that any Respondent has received court fees in excess of the fees authorized. In their third PO, Respondents argue that Petitioners lack standing to assert their claims against any Respondent except the Delaware County OJS because they have not specifically alleged that they have been overcharged by any other Respondent. In their fourth PO, Respondents argue that Petitioners' claims are barred by the doctrines of sovereign, governmental, and quasi-judicial immunity. In their fifth PO, Respondents argue that Petitioners have no legal basis to demand counsel fees.

---

[9] In ruling on POs, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

5

### III. Analysis

### A. Standing

In Pennsylvania, a party to litigation must establish as a threshold matter that it has standing to bring an action. *Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016). Consequently, we first address Respondents' PO asserting that Petitioners (two political subdivisions located in Delaware County) have no standing to assert their claims against any Respondent, except against Mary Walk, in her official capacity as the Director of the OJS for the Court of Common Pleas of Delaware County.

Pa. R.Civ.P. 1028(a)(5) permits preliminary objections to be filed when the petitioner lacks the capacity to sue. *C.G. v. J.H.*, 172 A.3d 43, 54 (Pa. Super. 2017), *affirmed*, 193 A.3d 891 (Pa. 2018) ("Because standing goes to a party's capacity to sue, a standing objection is properly raised by an objection under Rule 1028(a)(5)."). A party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280-81 (Pa. 1975). Generally, to have standing, a party must satisfy the following test:

> [O]ne . . . must show a direct and substantial interest and a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as "immediate" rather than "remote." . . . [A] substantial interest requires some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law. Direct simply means that the person claiming to be aggrieved must show causation of the harm to his interest. . . . The immediacy or remoteness of the injury is determined by the nature of the causal connection between the action complained of and the injury to the person challenging it.

*DeFazio v. Civil Service Commission of Allegheny County*, 756 A.2d 1103, 1105 (Pa. 2000) (citations omitted).

The same standing rules apply for a class-action petitioner and require a causal connection between the named petitioner and all named respondents, even where different respondents are alleged to engage in the same behavior complained of in the action. *McMonagle v. Allstate Insurance Co.*, 331 A.2d 467, 472 (Pa. 1975) (holding that a plaintiff in a class action who has not suffered an injury from the challenged conduct of a defendant cannot maintain a class action against that defendant). For a petitioner in a class action to maintain an action against multiple respondents, the petitioner must allege that he has been aggrieved by each respondent; and where the petitioner alleges that he has been aggrieved by only one respondent— and not by any of the others—he fails to establish the standing necessary to maintain the action against those other respondents. In *Nye v. Erie Insurance Exchange*, 470 A.2d 98, 100 (Pa. 1983), a decedent was killed in an automobile accident. At the time of her death, the decedent was covered by a No-Fault Motor Vehicle Insurance policy issued by Erie Insurance Exchange (Erie). The administrator of decedent's estate, C. William Nye, Jr. (Nye), submitted a claim to Erie for payment of work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act,[10] which was denied. *Id.* at 99. Nye subsequently instituted a class action on behalf of himself and all others similarly situated against Erie and thirty other insurance companies that "allegedly followed a practice of refusing to pay work loss benefits to the estates of deceased victims." *Id.* All of the defendant insurance companies filed preliminary objections contending, *inter alia*, that the complaint failed to state a cause of action against them.

---

[10] Act of July 19, 1984, P.L. 489, *as amended*, *formerly* 40 P.S. §§1009.101-1009.701, repealed by the Act of February 12, 1984, P.L. 26.

7

All defendant insurance companies, except Erie, filed preliminary objections contending that Nye lacked standing to sue them. *Id.*

Reversing the Superior Court that held to the contrary, the Supreme Court concluded that Nye lacked standing to maintain an action against any insurance company, other than Erie, because Nye failed to allege that *he* had been aggrieved by the conduct of any of those *other* insurance companies. *Id.* at 100. The Supreme Court explained:

> The requirement that a party must be "aggrieved" as a prerequisite to maintaining an action in this Commonwealth is applicable to class actions. In *McMonagle . . .*, this Court held that a plaintiff in a class action who has not suffered an injury from the challenged conduct of a defendant cannot maintain a class action against that defendant.
>
> In the present case, Nye's complaint fails to allege that he has been aggrieved by the conduct of any of the defendant insurance companies except Erie. Consequently, appellee lacks standing to maintain an action against these defendants.

*Id.*

Here, as in *Nye*, Petitioners purport to bring a class action on behalf of themselves and as representatives of 3,000 other political subdivisions which may have paid unauthorized and excessive court fees to 52 prothonotaries. Under *Nye*, Petitioners lack standing to maintain an action against any Respondents other than the Delaware County OJS because Petitioners fail to allege that they have been aggrieved by the conduct of those other Respondents. Petitioners do not allege any facts or evidence to suggest that either of them ever has been charged any court fees— whether "unauthorized and excessive" or otherwise—by any Respondent other than the Respondent from Delaware County. Petitioners only aver that, as political subdivisions located in Delaware County, they were charged unauthorized and excessive court fees

8

*by the Delaware County OJS*. (Amended Petition, ¶¶ 3, 4, 57.) For Petitioners to maintain their action against all Respondents, they must allege that they have been aggrieved by each Respondent, which they fail to do. *See Nye*, 470 A.2d at 100. Accordingly, pursuant to *Nye*, Petitioners lack standing to maintain this action against any Respondent other than Delaware County's OJS. The Amended Petition is dismissed as to all Respondents except the Delaware County OJS.

## B. Failure to State Claim for Declaratory Relief

Having dismissed the Amended Petition against all Respondents except the Delaware County OJS, the next issue we must address is whether Petitioners fail to state a claim against the Delaware County OJS for declaratory relief.

Petitioners in Count I allege that based "[u]pon information and belief," the Delaware County OJS has overcharged political subdivisions in Delaware County court fees that exceed the $10 maximum set forth in section 5 (for third through eighth class counties and home rule counties) of the Prothonotary Fee Act. (Amended Petition, ¶ 67.) They seek a judicial determination pursuant to the Declaratory Judgments Act[11] that the Delaware County OJS overcharged them for court fees and should be compelled to issue refunds. *Id*. ¶ 91.

In their POs, Respondents argue that these averments are insufficient to establish the entitlement to declaratory relief because charging a political subdivision a court fee in excess of the $10 maximum in section 5 does not *per se* constitute a violation of the statute. Respondents point out that the Prothonotary Fee Act was amended in 1998 to add section 1.1, 42 P.S. §21071.1, titled "Increasing Existing

---

[11] 42 Pa.C.S. §§7531-7541.

9

Fees," which authorizes prothonotaries to increase any existing fee or charge. Section 1.1 provides, in part:

> **(a) General rule.** In counties of the second class A and the third through eighth class, including home rule counties of the same class, *the prothonotary may increase any fee or charge that exists as of the effective date of this section with the approval of the president judge. The amount of any increase may not be greater than the aggregate of the consumer price index from the month in which the fee was last established through June 1998.*

42 P.S. §21071.1 (emphasis added).[12]

Respondents argue that section 1.1 permits prothonotaries to increase *any* fee or charge, including the $10 maximum applicable to political subdivisions set forth in section 5, so long as the increase is (1) approved by the president judge, and (2) does not exceed the aggregate of the consumer price index from the month in which the fee was established through June 1998. Respondents submit that, because prothonotaries are permitted to increase the prior $10 maximums, Petitioners have not established a legal basis for this Court to declare that the Delaware County OJS violated the Prothonotary Fee Act simply because it may have charged Petitioners court fees in excess of $10.

"Declaratory relief is not available unless an actual controversy exists or is imminent or inevitable. Declaratory judgment is not appropriate to determine rights in anticipation of events that may never occur, but is appropriate where there is imminent and inevitable litigation." *Boyle v. Department of Transportation*, 617 A.2d 70, 72 (Pa. Cmwlth. 1992) (citing *Pennsylvania Turnpike Commission v. Hafer*, 597 A.2d 754 (Pa. Cmwlth. 1991)).

---

[12] This section became effective on January 21, 1999.

> [W]e do not have the ability to grant any relief that is merely advisory, one that does not involve any case or controversy. Any action, including a declaratory judgment action, may not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Brown v. Pennsylvania Liquor Control Board*, 673 A.2d 21, 23 (Pa. Cmwlth. 1996). "When the matter does not present a case or controversy, the courts have consistently held that they were without jurisdiction to hear the matter." *Id*.

Here, we find the Amended Petition is too uncertain and contingent to entitle Petitioners to the requested declaratory relief. Even if we assume, as alleged, that the Delaware County OJS charged Petitioners court fees in excess of $10, we could not, based on that lone allegation, declare that this conduct violated the Prothonotary Fee Act. Petitioners do not dispute that the Prothonotary Fee Act was amended to allow prothonotaries to increase any fee or charge, and they do not appear to dispute that this includes the prior $10 maximums applicable to political subdivisions. In fact, Petitioners concede that "some of the Respondents may have been able to charge more than the so-called '$10 Cap'" and that "[d]iscovery will be required to ascertain which of the Respondents may have been entitled to charge more." *See* Petitioners' Br. at 11-12. They also do not ask us to declare their rights under the amended fee increase provisions. Rather, it is clear from the Amended Petition that Petitioners are only challenging court fees to the extent that they were in excess of the $10 cap in 42 P.S. §21075—without regard to the fee increase amendment. *See* Amended Petition, footnote 2 ("This fee is exclusive of other fees and/or surcharges which may be permitted by other authorities, which may include, if and to the extent applicable, 42

11

P.S. § 21071.1, 42 Pa.C.S. § 3733, 42 Pa.C.S. § 3733.1, and/or 72 P.S. § 1795.1-E.[13]"). At most, Petitioners have alleged that Delaware County's OJS *may have* (they are not entirely certain and need discovery to confirm) charged them court fees that were more than $10 and concede that the fee increase provisions allow prothonotaries to charge more than $10. The overriding speculative nature of the allegations in the Amended Petition renders the requested declarations inappropriate as it is far from clear that grant of the requested declaratory relief would be "of practical help in ending the controversy." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation & Natural Resources*, 909 A.2d 413, 418 (Pa. Cmwlth. 2006) (citation and quotation omitted). For these reasons, Petitioners' factual allegations are legally insufficient to support this claim for declaratory relief. Respondents' preliminary objection to this Count is sustained.

### C. Failure to State a Claim for Unjust Enrichment

Petitioners allege in Count II that the Delaware County OJS has been unjustly enriched by receiving court fees from Petitioners that are "more than the statutorily limited court fees." (Amended Petition, ¶ 101.)

Respondents argue that Petitioners' claim for unjust enrichment is insupportable as a matter of law because Petitioners have pled no facts to support that assertion. In that regard, Pennsylvania is a fact-pleading state and Rule 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa. R.Civ.P. 1019(a). Specifically, a petitioner is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *Commonwealth ex rel. Pappert v. TAP*

---

[13] Act of April 9, 1929, P.L. 343, *as amended*, added by the Act of July 10, 2014, P.L. 1053.

*Pharmaceutical Products, Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005). Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard. *See Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa. Super. 2008). Under the system of fact pleading, every act or performance essential to that end must be set forth in the complaint. *Commonwealth by Shapiro v. Golden Gate National Senior Care LLC*, 194 A.3d 1010 (Pa. 2018) (the purpose of the rules of civil procedure providing that a complaint must provide the nature of plaintiff's claims and summarize the facts on which the claims are based is to require the pleader to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against); *Friends of Lackawanna v. Dunmore Borough Zoning Hearing Board*, 186 A.3d 525 (Pa. Cmwlth. 2018) (same); *Department of Corrections v. Tate*, 133 A.3d 350 (Pa. Cmwlth. 2016) (plaintiff is required to plead all facts that must be proved in order to achieve recovery on the alleged cause of action); *Kennedy v. Butler Memorial Hospital*, 901 A.2d 1042 (Pa. Super. 2006).

Here, then, Petitioners needed to plead the facts necessary in order to achieve recovery on the unjust enrichment claim. To state a claim for unjust enrichment, a petitioner must plead: (1) benefits conferred on the respondent by the petitioner; (2) the appreciation of such benefits by the respondent; and (3) the payment of value. *Williams Township Board of Supervisors v. Williams Township Emergency Co., Inc.*, 986 A.2d 914, 923 (Pa. Cmwlth. 2009). A petitioner cannot "merely allege its own loss as the measure of recovery . . . but instead must demonstrate, that [the respondent] has in fact been benefitted." *Meehan v. Cheltenham Township*, 189 A.2d 593, 595 (Pa. 1963).

In *McCulligan v. Pennsylvania State Police*, 123 A.3d 1136 (Pa. Cmwlth. 2015), *affirmed*, 135 A.3d 580 (Pa. 2016), this Court dismissed a petition for review because it only contained legal conclusions and general allegations of wrongdoing without the requisite specific factual averments necessary to meet Pennsylvania's fact-pleading standard. There, a petitioner filed a petition in this Court's original jurisdiction averring that the Pennsylvania State Police (PSP) and various state troopers and detectives, without his consent, intercepted oral communications from inside his home and other places where he could reasonably expect privacy and unlawfully disseminated them to the public via the media and to persons other than investigative or law enforcement officers. *Id*. at 1137. His petition, however, failed to specify how or when the alleged violations occurred, who committed the alleged violations, what information was disclosed, the recipient of the information, under what circumstances information was disclosed or what subsections of the Wiretapping and Electronic Surveillance Control Act[14] were allegedly violated. *Id*. Further, his petition lacked averments specifying the circumstances of the communications at issue, such as time, place, participants, means of communication, means of interception, and consent or lack thereof of the participants. This Court held that the respondents, therefore, were unable to discern the grounds for appropriate responses and defenses.

As in *McCulligan*, the Amended Petition falls short of pleading the necessary facts to sustain a cause of action for unjust enrichment. First, Petitioners do not describe any instances where the Delaware County OJS overcharged any Petitioner for a court fee. There are no allegations describing amounts that were charged or amounts that were paid, when or by whom. Petitioners acknowledge that there are no such factual averments and plead instead that they "require discovery" in order to

---

[14] 18 Pa.C.S. §§5701-5781, *as amended*.

ascertain these factual details. *Id.* ¶ 72. Petitioners further fail to allege any plausible benefit that the Delaware County OJS "unjustly" received as a result of charging Petitioners a court fee in excess of $10. Moreover, based on the allegations, it is apparent that Petitioners themselves do not even know for certain that violations have actually occurred and are using the lawsuit as the means to discover if and when the overcharges actually occurred. However, a general statement that discovery is required to ascertain the necessary facts is not a proper substitute for pleading. "Any information subsequently supplied by [petitioner] upon deposition requested by [respondent] cannot be used to supply the missing allegations of the [petition for review]. The sufficiency of the [petition of review] is governed by the facts alleged therein and the fact that the lacking information subsequently was or could be supplied is not governing." *Gross v. United Engineers & Constructors, Inc.*, 302 A.2d 370 (Pa. Super. 1973).

Because Petitioners have not alleged facts suggesting that Respondents received a benefit from Petitioners and that it would be inequitable for Respondents to retain such benefit, the Court must sustain this PO and dismiss Count II.

## IV. Conclusion

In sum, the POs in the nature of a demurrer filed by Respondents are sustained and Petitioners' Amended Petition in this Court's original jurisdiction is dismissed without prejudice.

_____
PATRICIA A. McCULLOUGH, Judge


President Judge Cohn Jubelirer, Judge Fizzano Cannon and Judge Wallace did not participate in the decision for this case.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and
Chichester School District, on behalf
of themselves and all others similarly
situated,

                              Petitioners

                  v.

Michael Rossi, in the official capacity as the
Prothonotary of the Court of Common Pleas
of Beaver County, Pennsylvania, and
Cathy J. Fetter, in the official capacity as the
Prothonotary of the Court of Common Pleas
of Bedford County, Pennsylvania, and
Jonathan K. DelCollo in the official
capacity as the Prothonotary of the Court
of Common Pleas of Berks County,
Pennsylvania, and Robin G. Patton in the
official capacity as the Prothonotary of the
Court of Common Pleas of Blair County,
Pennsylvania, and Dawn Close in the
official capacity as the Prothonotary of the
Court of Common Pleas of Bradford
County, Pennsylvania and Judith Reiss in
the official capacity as the Prothonotary
of the Court of Common Pleas
of Bucks County, Pennsylvania, and
Kelly Ferrari in the official capacity as the
Prothonotary of the Court of Common
Pleas of Butler County, Pennsylvania, and
Lisa Crynock in the official capacity as the
Prothonotary of the Court of Common Pleas
of Cambria County, Pennsylvania, and
Mary Grace Olay in the official capacity as
the Prothonotary of the Court of Common
Pleas of Cameron County, Pennsylvania,
and Kayla M. Semmel in the official
capacity as the Prothonotary of the Court of
Common Pleas of Carbon County,
Pennsylvania, and Jeremy S. Breon in the
official capacity as the Prothonotary of the

Court of Common Pleas of Centre County, :
Pennsylvania, and Debbie Bookman in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Chester County, :
Pennsylvania, and Jeffrey Hines in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Clarion County, :
Pennsylvania, and Brian K. Spencer in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Clearfield :
County, Pennsylvania, and Cynthia A. Love :
in the official capacity as the Prothonotary :
of the Court of Common Pleas of Clinton :
County, Pennsylvania, and Barbara N. :
Silvetti in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Columbia County, Pennsylvania, and :
Emmy Arnett in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Crawford County, Pennsylvania, and :
Dale E. Sabadish in the official capacity as :
the Prothonotary of the Court of Common :
Pleas of Cumberland County, Pennsylvania, :
and Mary J. Walk in the official capacity as :
the Director of Office of Judicial Support :
of the Court of Common Pleas of Delaware :
County, Pennsylvania, and Nina Capuzzi :
Frankhouser in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Fayette County, Pennsylvania, and :
Dawn M. Millin in the official capacity as :
the Prothonotary of the Court of Common :
Pleas of Forest County, Pennsylvania, and :
Timothy Sponseller in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Franklin County, :
Pennsylvania, and Patty Fix in the official :
capacity as the Prothonotary of the :
Court of Common Pleas of Fulton County, :
Pennsylvania, and Susan K. White in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Greene County, :
Pennsylvania, and Kay Coons in the :

official capacity as the Prothonotary of the Court of Common Pleas of Huntingdon County, Pennsylvania, and Randy Degenkolb in the official capacity as the Prothonotary of the Court of Common Pleas of Indiana County, Pennsylvania, and Tonya S. Geist in the official capacity as the Prothonotary of the Court of Common Pleas of Jefferson County, Pennsylvania, and Lori A. Ferry in the official capacity as the Prothonotary of the Court of Common Pleas of Juniata County, Pennsylvania, and Mauri B. Kelly in the official capacity as the Prothonotary of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Jim Haddock in the official capacity as the Prothonotary of the Court of Common Pleas of Luzerne County, Pennsylvania, and Thomas D. Heap in the official capacity as the Prothonotary of the Court of Common Pleas of Lycoming County, Pennsylvania, and Laura Isadore in the official capacity as the Prothonotary of the Court of Common Pleas of McKean County, Pennsylvania, and Tammy Stuck in the official capacity as the Prothonotary of the Court of Common Pleas of Mifflin County, Pennsylvania, and George Warden in the official capacity as the Prothonotary of the Court of Common Pleas of Monroe County, Pennsylvania, and Susan N. Kauwell in the official capacity as the Prothonotary of the Court of Common Pleas of Montour County, Pennsylvania, and Holly Ruggiero in the official capacity as the Prothonotary of the Court of Common Pleas of Northampton County, Pennsylvania, and Jamie Saleski in the official capacity as the Prothonotary of the Court of Common Pleas of Northumberland County, Pennsylvania, and Zoe Burd in the official capacity as the Prothonotary of the

Court of Common Pleas of Perry County, :
Pennsylvania, and Denise Fitzpatrick in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Pike County, :
Pennsylvania, and Bridget Miller in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Schuylkill :
County, Pennsylvania, and Stephanie Wolf :
in the official capacity as the Prothonotary :
of the Court of Common Pleas :
of Snyder County, Pennsylvania, and :
Angie G. Svonavec in the official capacity :
as the Prothonotary of the Court of :
Common Pleas, Somerset County, :
Pennsylvania, and Kellie Carpenter in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Sullivan County, :
Pennsylvania, and Marie Seymour in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Tioga County, :
Pennsylvania, and Diane Miller in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Union County, :
Pennsylvania, and Paula M. Palmer in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Venango :
County, Pennsylvania, and Jen Phillips in :
the official capacity as the Prothonotary of :
the Court of Common Pleas of Warren :
County, Pennsylvania, and Laura Hough in :
the official capacity as the Prothonotary of :
the Court of Common Pleas of Washington :
County, Pennsylvania, and Edward :
Sandercock in the official capacity :
as the Prothonotary of the Court of :
Common Pleas of Wayne County, :
Pennsylvania, and Christina O'Brien in the :
official capacity as the Prothonotary of the :
Court of Common Pleas of Westmoreland :
County, Pennsylvania, and :
Cindy Adams in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of Wyoming County, Pennsylvania, and :

Allison Blew in the official capacity as the :
Prothonotary of the Court of Common Pleas :
of York County, Pennsylvania,           :        No. 133 M.D. 2021
                                        :
                    Respondents         :

## *ORDER*

AND NOW, this 29th day of April, 2022 the preliminary objections in the above-captioned matter of Respondents are SUSTAINED, and the Amended Petition for Review is DISMISSED without prejudice.

_____
PATRICIA A. McCULLOUGH, Judge