453 A.2d 677

C. William NYE, Jr., Individually and as Administrator of the Estate of Karen L. Nye, Deceased, and all others similarly situated, Appellant,

v.

ERIE INSURANCE EXCHANGE, et al.

C. William NYE, Jr., Individually and as Administrator of the Estate of Karen L. Nye, Deceased, and all others similarly situated, Appellant

v.

ERIE INSURANCE EXCHANGE, et al.

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed Dec. 10, 1982.

Petition for Allowance of Appeal Granted March 13, 1983.

Richard C. Angino, Harrisburg, for appellant.

Jeffrey B. Rettig, Harrisburg, for Erie, appellee (at No. 43).

Clyde W. McIntyre, Harrisburg, for Erie, appellee (at No. 184).

Edward E. Knauss, Harrisburg, for CNA, et al., appellees.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

PER CURIAM:

These are consolidated appeals arising out of a class action suit instituted by C. William Nye, Jr. (hereinafter Nye),

against Erie Insurance Exchange (hereinafter Erie) and thirty other insurance companies. These appeals were taken respectively from the lower court's orders dated February 4, 1981, dismissing the complaint as to all of the defendants except Erie (No. 43 Harrisburg 1981), and June 4, 1981 (No. 184 Harrisburg 1981) dismissing the complaint as to Erie. We will address the appeals separately in the order in which they were taken.

Nye is the administrator of the estate of his deceased daughter, Karen L. Nye, who was killed in an automobile accident December 21, 1978. At the time of the accident, Karen Nye was covered by a no-fault motor vehicle insurance policy issued by Erie. Following Karen Nye's death, Nye submitted a claim to Erie for work loss benefits, but the claim was refused. Thereafter, on November 15, 1979, Nye, acting as the administrator for his daughter's estate, instituted a class action suit against Erie and thirty other insurance companies which allegedly followed a practice of refusing to pay work loss benefits to the estates of deceased victims.

All of the defendants except Erie filed preliminary objections to the complaint in which they argued that because Karen Nye did not have a contract of insurance with them, her personal representative did not have a cause of action against them and, therefore, he also lacked standing to represent a class of plaintiffs in an action against them. The lower court accepted this argument and, on February 4, 1981, it entered an order dismissing the complaint as to all of the defendants except Erie. The first appeal followed.

The lower court based its decision to dismiss the complaint as to all the defendants except Erie on its belief that prudent judicial policy requires that a plaintiff have a direct adversarial relationship with the defendant. The court below was persuaded by the analysis of a federal decision limiting class actions to cases where the plaintiff had such a direct relationship with the defendant. See *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684 (E.D.Pa.1973). Yet federal law is not controlling because federal law on stand-

ing has developed in response to the constitutional limitation of the judicial power of the United States to cases and controversies. U.S.Const. art. III, § 2, cl. 1.

▮▮▮▮ We are not bound by the federal law of standing and our recent decision in *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982), leads us to the conclusion that justice and judicial economy will be served by allowing Nye to maintain a class action suit. The *Freeze* decision clearly allows an estate to recover work loss benefits; thus, Nye and the other class members are entitled to the benefits they seek to obtain in this suit. If Nye is not permitted to maintain this suit all the class members would be forced to file individual suits to vindicate their rights. To thrust numerous members of a class into separate actions would be an intolerable waste of judicial resources when the claims of all plaintiffs may be expeditiously settled in one suit. Class actions can be a fair and efficient method of resolving disputes and to subject the parties and the court system to the hazards and expenses of separate litigation in this context would eviscerate the purpose of the class action as a "procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims." *Lilian v. Commonwealth*, 467 Pa. 15, 21, 354 A.2d 250, 253 (1976).[1]

▮▮▮ Having decided that Nye should be allowed to maintain a class action suit we turn to the issue presented by the second of these consolidated appeals. After ruling that Nye could not maintain a suit against any insurance company but Erie, the court below ordered Nye to amend his complaint against Erie to show the existence of dependent survivors. Reproduced Record at 37a–39a. The complaint was not

1. The question before us at No. 43 Harrisburg 1981 is only whether Nye has standing to bring a class action suit. We do not, therefore, decide whether Nye satisfies the prerequisites to a class action set forth in Pa.R.C.P. No. 1702, which provides:

**Rule 1702. Prerequisites to a Class Action**

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if
(1) the class is so numerous that joinder of all members is impracticable;

amended; on June 4, 1981, Nye's suit was dismissed for failure to amend his complaint. The holding in *Freeze* is explicit: "the estate of a deceased victim is entitled to recover work loss benefits under the No-fault Act." *Freeze, supra,* 301 Pa.Super. at 354, 447 A.2d at 1004. The court below, therefore, erred when it ordered Nye to amend his complaint to plead dependency.

The orders appealed from at No. 43 Harrisburg 1981 and No. 184 Harrisburg 1981 are reversed. The Superior Court of Pennsylvania relinquishes jurisdiction and remands for proceedings consistent with this opinion.

WICKERSHAM, J., did not participate in the decision or consideration of this case.

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708. Nevertheless, Nye certainly appears to meet these prerequisites as well as the criteria of Pa.R.C.P. Nos. 1708 and 1709. See generally *Sharkus v. Blue Cross of Greater Philadelphia,* 494 Pa. 336, 431 A.2d 883 (1981); *ABC Sewer Cleaning v. Bell of Pennsylvania,* 293 Pa.Super. 219, 438 A.2d 616 (1981) and *Scott v. Adal Corp.,* 276 Pa.Super. 459, 419 A.2d 548 (1980).