470 A.2d 98

C. William NYE, Jr., Individually and as Administrator of
the Estate of Karen L. Nye, Deceased, and all
others similarly situated,

v.

ERIE INSURANCE EXCHANGE, et al.

Supreme Court of Pennsylvania.

Argued May 26, 1983.

Decided Dec. 30, 1983.

**4**

Clyde W. McIntyre, Jered L. Hock, Jeffrey B. Rettig, James K. Thomas, Harrisburg, for appellant.

Richard C. Angino, Harrisburg, for appellee.

Richard L. Kearns, Harrisburg, for Statesman Group.

W.E. Shissler, David C. Eaton, Harrisburg, for Lumbermans Mut.

Craig A. Stone, Harrisburg, for American States Ins.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

On December 21, 1978, Karen Nye was killed in an automobile accident. At the time of her death, the decedent was covered by a No-Fault Motor Vehicle Insurance policy issued by appellant Erie Insurance Exchange (Erie). Appellee, C. William Nye, Jr., the decedent's father and administrator of her estate, submitted a claim to Erie for payment of work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] His claim was denied by Erie.

---

1. Pa.Stat.Ann. tit. 40 § 1009.101 et seq. (Purdon Supp.1982).

On November 15, 1979, appellee instituted the present class action against Erie and thirty other insurance companies which allegedly followed a practice of refusing to pay work loss benefits to the estates of deceased victims.

All of the defendant insurance companies filed preliminary objections contending, inter alia, that the complaint failed to state a cause of action against them. All defendant insurance companies, except Erie, also contended that Nye lacked standing to sue them.

On February 4, 1981, the trial court found that appellee Nye lacked standing to sue all defendant insurance companies, except Erie, and dismissed the complaint against those defendants. On April 30, 1981, the trial court additionally found that appellee's complaint failed to allege a cause of action against Erie, and granted him leave to amend his complaint. Appellee chose not to amend and on June 4, 1981, suffered dismissal of his action. The trial court did not have an opportunity to determine whether Nye's action should be certified as a class action pursuant to Pa.R.Civ.P. 1710, since the complaint was dismissed before appellee had an opportunity to file a motion for certification pursuant to Pa.R.Civ.P. 1707. Appellee appealed from the February 4th and June 4th orders of the trial court, and, on December 10, 1982, the Superior Court reversed both orders. *Nye v. Erie Insurance Exchange*, 307 Pa.Super. 464, 453 A.2d 677 (1982). The Superior Court held that Nye may institute a class action against all defendant insurance companies, and that appellee's complaint stated a cause of action. This Court granted allocatur on March 18, 1983.

The first issue raised in this matter is whether appellee has standing to institute a class action against all of the named defendant insurance companies.

A party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). "The core concept, of course, is that a person who is not adversely affected in any way by the

matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *William Penn Parking Garage v. City of Pittsburgh, supra.*

■ The requirement that a party must be "aggrieved" as a prerequisite to maintaining an action in this Commonwealth is applicable to class actions. In *McMonagle v. Allstate Insurance Co.,* 460 Pa. 159, 331 A.2d 467 (1975), this Court held that a plaintiff in a class action who has not suffered an injury from the challenged conduct of a defendant cannot maintain a class action against that defendant.

■ In the present case, Nye's complaint fails to allege that he has been aggrieved by the conduct of any of the defendant insurance companies except Erie. Consequently, appellee lacks standing to maintain an action against these defendants.

■ The second issue raised in this matter is whether appellee's complaint, which seeks wage loss benefits on behalf of an estate, states a cause of action against Erie. Based upon and for the reasons set forth in our opinion and decision in *Freeze v. Donegal Mutual Insurance Company,* 504 Pa. 218, 470 A.2d 958 (1983), we find that Nye's complaint does state a cause of action against Erie.

We, therefore, reverse the Superior Court's order that appellee may institute a class action against all defendant insurance companies, and affirm the Superior Court's order that appellee's complaint states a cause of action against Erie.

NIX, J., did not participate in the consideration or decision of this case.

FLAHERTY, J., files a concurring opinion.

ROBERTS, C.J., and HUTCHINSON, J., filed a concurring and dissenting opinion.

FLAHERTY, Justice, concurring.

I join and make reference to my concurring opinion in *Freeze v. Donegal Mutual Insurance Co.,* 504 Pa. 218, 470 A.2d 958 (1983).

ROBERTS, Chief Justice, concurring and dissenting.

I would reverse the order of the Superior Court in its entirety and reinstate the orders of the Court of Common Pleas of Dauphin County which dismissed appellee's class action and the action against appellant Erie Insurance Exchange. Those actions improperly sought the payment of work-loss benefits to the estates of deceased victims of automobile accidents, benefits which were intended by the Legislature to be available only to a victim of an automobile accident who has not died as a result of it. See *Freeze v. Donegal Mutual Insurance Co.*, 504 Pa. 218, 470 A.2d 958 (1983) (Roberts, C.J., dissenting).

HUTCHINSON, Justice, concurring and dissenting.

I join the majority in reversing Superior Court's ruling that plaintiff can bring a class action against the defendant insurance companies. I dissent from its holding that the complaint states a cause of action for the reasons set forth in my opinion in *Freeze v. Donegal Mutual Insurance Company*, 504 Pa. 218, 470 A.2d 958, decided this date.

ROBERTS, C.J., joins in this opinion.