400

529 A.2d 1118

Charles J. EGENRIEDER, Administrator of the Estate of Robert A. Egenrieder, Deceased; Charlotte J. Clair, Administratrix of the Estate of Joyce E. Clair, Deceased; Joyce E. Fleske, Administratrix of the Estate of Vicky Ann Fleske, Deceased; Jacqueline M. Snyder, Administratrix of the Estate of Gregory M. Snyder, Deceased; and all Others Similarly Situated, Appellants,

v.

The OHIO CASUALTY GROUP, West American Insurance Company, and Ohio Casualty Insurance Company, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 18, 1987.

Filed Aug. 10, 1987.

Pamela Shuman, Harrisburg, for appellants.

Richard E. Freeburn, Harrisburg, for appellees.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order entered after the trial court dismissed appellants' claims as being time-barred. On appeal, we must determine: (1) whether appellants, members of the certified class, have standing to bring this appeal on behalf of the unnamed plaintiffs whom the trial court refused to certify as members of the class; and (2) whether the trial court erred in dismissing the claims made on behalf of decedents whose fatal accidents occurred between November 16, 1979 and May 15, 1981. For the reasons stated below, we affirm the judgment entered by the trial court.

The facts relevant to an understanding of this appeal are as follows. Appellants' attorney originally filed a class action against thirty-one insurance companies. Our Supreme Court, however, upheld the trial court's ruling that,

as the representative plaintiff had an insurance policy only with Erie Insurance Exchange, all other defendant insurance companies should be dismissed. *Nye v. Erie Insurance Exchange*, 504 Pa. 3, 470 A.2d 98 (1983). The attorney then began to file class action suits against the individual insurance companies. This is one of those suits. Plaintiffs-appellants, administrators of estates of decedents who received fatal injuries in motor vehicle accidents, filed the instant action on May 15, 1985 against defendants-appellees for work loss benefits under Pennsylvania's No-fault Motor Vehicle Insurance Act (No-fault Act).[1] On June 3, 1986, the trial court certified the case as a class action and divided the class into three subclasses. *See* our discussion *infra*. One June 13, 1986, plaintiffs-appellants filed a motion to amend the certified classes to include claims made on behalf of decedents whose fatal accidents occurred between November 16, 1979 and May 15, 1981. The trial court denied the motion and subsequently severed and dismissed the claims of the estates of decedents who died between November 16, 1979 and May 15, 1981. This timely appeal followed.

On January 28, 1987, appellees filed a motion to quash appellants' appeal, raising the issue of whether appellants have standing to pursue this appeal. Appellees, in addressing this issue in their brief, summarized their contention as follows:

This appeal is taken by the certified class on behalf of the individuals who the court refused to certify as members of the class. It is clear that the individuals who the court refused to certify as members of the class are no longer parties to the class action. It is equally clear that the interests of the members of the certified class have not been adversely affected by the trial court's refusal to certify other individuals as members of the class. Conse-

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. Sec. 1009.101 *et seq.*, *repealed by*, Act of February 12, 1984, P.L. 26, No. 11, Sec. 8(a), effective October 1, 1984.

quently, the certified class lacks standing to take this appeal.

Brief for appellees at 18–19.

This case presents us with an issue of first impression in this Commonwealth: whether the representative plaintiffs, who are all certified as members of a class, can appeal from the partial decertification of the class on behalf of the unnamed plaintiffs (i.e., "all others similarly situated") who were denied certification. Prior Pennsylvania appellate decisions have involved the situation where the entire class was denied certification and where the appellant, consequently, was a representative plaintiff of the class. *See, e.g., Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975), *after remand,* 241 Pa.Super. 192, 360 A.2d 681 (1976); *Brunda v. Home Ins. Co.,* 353 Pa.Super. 146, 509 A.2d 377 (1986), *appeal granted,* 512 Pa. 358, 516 A.2d 1185 (1986). In the instant case, however, there was a partial decertification and none of the plaintiffs who have been denied certification into the class are representative plaintiffs but rather, are all unnamed plaintiffs.[2] The representative plaintiffs of the class are now appealing on behalf of the unnamed, non-certified plaintiffs.

■ It is well-established that only "aggrieved" parties may appeal from an appealable order.[3] *See* Pa.R.A.P. 501 ("... any party who is aggrieved by an appealable order ... may appeal therefrom"). The requirement that a party

[2]. The only Pennsylvania appellate case concerning partial decertification of a class action was *Alessandro v. State Farm Mutual Automobile Ins. Co.,* 487 Pa. 274, 409 A.2d 347 (1979). In that case, the trial court limited the class to persons who had obtained arbitration awards of $10,000 or more. Appellant, the named representative of the class, was decertified but was allowed to continue as the named representative of the class. Subsequently, appellant appealed from the trial court's partial decertification of the class. *Alessandro* is distinguishable, however, since in the instant case, a named representative of the class has not been denied certification by the trial court's order of June 19, 1986.

[3]. An order decertifying a class is a final order and is therefore appealable. *See Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975), *after remand,* 241 Pa.Super. 192, 360 A.2d 681 (1976).

must be "aggrieved" as a prerequisite to maintaining an action is applicable to class actions. *See Nye v. Erie Insurance Exchange,* 504 Pa. 3, 470 A.2d 98 (1983). In discussing who is an "aggrieved" party for the purpose of standing, our Supreme Court has stated:

The question of standing is rooted in the notion that for a party to maintain a challenge to an official order or action, he must be aggrieved in that his rights have been invaded or infringed. This principle was thoroughly considered in *Wm. Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975) where this court confirmed that to have standing, a party must (a) have a substantial interest in the subject-matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence.

*Franklin Twp. v. Commonwealth, Dept. of Environmental Resources,* 500 Pa. 1, 4, 452 A.2d 718, 719 (1982).

■ We agree with appellees that the representative plaintiffs, who are all members of the certified class, are not "aggrieved" by the trial court's order dismissing other plaintiffs from the class. We, however, find that the representative plaintiffs of the certified class are acting in a representative capacity on behalf of those who are indeed aggrieved, i.e., the unnamed plaintiffs who were denied certification. The non-certified plaintiffs have suffered an immediate, direct, and substantial injury by the trial court's order dismissing them from the class action. *Cf. Cambanis v. Nationwide Ins. Co.,* 348 Pa.Super. 41, 501 A.2d 635 (1985) (non-certified plaintiffs were permitted to appeal trial court order denying class certification); *Seibel v. Allstate Ins. Co.,* 346 Pa.Super. 384, 499 A.2d 666 (1985), *appeal denied,* 513 Pa. 635, 520 A.2d 1385 (1987) (non-certified class members appealed trial court order denying class certification). We, consequently, conclude that the certified class has representational standing to assert the claims of the non-certified, unnamed plaintiffs.

As unnamed, non-certified plaintiffs, these individuals were never identified and, consequently, could never be

notified of the trial court order denying them class certification. If the representative plaintiffs were not allowed to appeal on behalf of the unnamed, non-certified plaintiffs, then no appeal would be possible from a partial decertification of a class action where all of the non-certified plaintiffs are unnamed plaintiffs. Our determination that the named representatives of a class can appeal on behalf of the unnamed, non-certified plaintiffs avoids the harsh consequences attendant to a conclusion that such appeals are to be quashed on the basis of a lack of standing.

Having found that this appeal is properly before us, we now address the merits of appellants' contention that the trial court erred in dismissing the claims made on behalf of decedents whose fatal accidents occurred between November 16, 1979, and May 15, 1981. In essence, appellants argue that this Court's decision in *Miller v. Federal Kemper Ins. Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986), expanded the *Nye* class of plaintiffs. Appellants' contention focuses on the following language in *Miller:* "The *Nye* action was also adequate to toll the statute of limitations for class members whose decedents had sustained fatal injuries after November 15, 1977." *Miller*, 352 Pa.Super. at 595, 508 A.2d at 1230. In their appellate brief, appellants assert that: "It is significant that *Your* Court in *Miller* did *not* limit the class of plaintiffs in the *Nye* complaint other than to say that it included those whose deaths occurred *after* November 15, 1977." Brief for appellants at 16 (emphasis in original). Appellants ask us to now interpret the *Nye* plaintiff class, which was defined in the *Nye* complaint as estates of decedents who died "within the past two years," to include not only decedents whose deaths occurred in the two years prior to the filing of the *Nye* complaint, but also to include those decedents whose fatal accidents occurred after November 15, 1979, (the date the *Nye* complaint was filed) and while the *Nye* action was pending before the courts. We decline to do so.

In its order of June 3, 1986, the trial court certified three subclasses of plaintiffs:

(1) The first subclass shall consist of the estates of all decedents insured under policies of no-fault insurance issued by defendants whose deaths occurred as the result of the maintenence and use of a motor vehicle within Pennsylvania on or after May 16, 1981. The subclass shall also include the estates of such decedents who were residents of Pennsylvania and who died as a result of the maintenance and use of a motor vehicle outside of Pennsylvania during that period.

(2) The second subclass shall consist of the estates of all previously employed decedents who were Pennsylvania residents insured under policies of no-fault insurance issued by defendants and who sustained their fatal injuries as the result of the maintenance and use of a motor vehicle, whether within or outside of Pennsylvania, during the period from November 16, 1977, to November 15, 1979.

(3) The third subclass shall consist of the estates of all previously-employed decedents who were Pennsylvania residents insured under policies of no-fault insurance issued by defendant, whose fatal injuries were sustained as the result of the maintenance and use of a motor vehicle, whether within or outside of Pennsylvania, prior to November 16, 1977, and whose estates received any no-fault payments from November 16, 1977, to November 15, 1979, as a result of decedents' deaths.

The first subclass includes claims on behalf of decedents whose fatal motor vehicle accidents occurred on or after May 16, 1981, a date which is four years prior to the filing of the Egenrieder class action complaint. This four year period is based upon Section 106(c)(1) of the No-fault Act which specifies the statute of limitations applicable to claims for post-mortem work loss benefits. *See Kamperis v. Nationwide Ins. Co.*, 503 Pa. 536, 469 A.2d 1382 (1983). This section states in pertinent part:

**(c) Time limitations on actions to recover benefits.—**

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor

may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, *or not later than four years after the accident,* whichever is earlier.

40 Pa.C.S.A. Sec. 1009.106(c)(1) (emphasis added). Under Section 106(c)(1), the greatest period within which to file an action for post-mortem work loss benefits is four years from the date of the fatal accident. In the instant case, the Egenrieder class action complaint was filed on May 15, 1985. The trial court, therefore, limited the first subclass of plaintiffs to claims made on behalf of decedents who died on or after May 15, 1981, four years prior to the filing of the Egenrieder class action complaint.

The second and third subclasses are based upon the class definition contained in the complaint in *Nye v. Erie Insurance Exchange,* No. 5349 S 1979 (C.P. Dauph.). The *Nye* complaint defined the class as follows:

14. The class of plaintiffs includes all previously employed Pennsylvania residents who were insured by any of the defendants under No-Fault insurance coverage and who *sustained a fatal injury within the past two years or whose estates or relatives received any no-fault payments* whatsoever as a result of decedents' death *during the past two years* and their executors, administrators, relatives, etc.

(Emphasis added.). The trial court, consequently, limited the second subclass to claims made on behalf of decedents who died between November 16, 1977 (two years prior to the filing of the *Nye* complaint) and November 15, 1979 (the date the *Nye* complaint was filed). The third subclass represents the estates of decedents who died earlier than two years prior to the filing of the *Nye* complaint, but whose estates or relatives received no-fault benefits within this two year period, i.e., from November 16, 1977 to November 15, 1979.

We find that the trial court did not err by excluding claims made on behalf of decedents who died between

November 16, 1979 and May 15, 1981. In *Miller*, this Court stated:

> ... As *American Pipe (& Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713, *reh'g denied*, 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974)) and its progeny suggest, a previously filed class action tolls the statute of limitations only for asserted class members *who would have been parties had the suit been permitted to continue as a class action.* This requirement assures that a defendant will not be unfairly surprised by the size or general composition of the class of individuals who may later attempt to intervene or bring their own actions against the defendant. Thus, the only members of the class in the instant action who are entitled to benefit from the *Nye* action's tolling effect are those who also were in the class defined in *Nye.*
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> ... Were we to extend the tolling effect of *Nye* beyond the parameters of the narrow class there defined, however, we would defeat the objective of the legislature that the statutorily imposed period of limitations was designed to achieve, i.e., to protect insurers such as Kemper from the need to defend unforeseeable, stale claims.

352 Pa.Super. at 595, 508 A.2d at 1230 (citations omitted) (emphasis in original). This Court merely concluded in *Miller* that the statute of limitations on claims for post-mortem work loss benefits had been tolled by the prior class action of *Nye* until December 30, 1983, but only for claims made on behalf of members of the class defined in *Nye*, i.e., those previously employed insureds who died in motor vehicle accidents between November 16, 1977 and November 15, 1979, or whose estates or relatives received any no-fault payments within this two-year period. *See Himmelright v. United States Fidelity & Guaranty Co.,* 352 Pa.Super. 517, 508 A.2d 594 (1986). The *Miller* opinion, consequently, did not expand the *Nye* class beyond November 15, 1979, but merely extended the statute of limitations for those within that two-year period of the *Nye* class. Indeed, appellants'

counsel, who was also counsel in *Nye*, conceded in his appellate brief that: "(I)n *hindsight* it might have been wiser for plaintiffs' class definition (in *Nye* ) to state clearly that the plaintiff class consisted of all previously-employed decedents whose deaths occurred *until final adjudication* of this matter...." Brief for appellants at 14–15 (emphasis in original).

The claim of decedents who suffered their fatal injuries between November 16, 1979 and May 15, 1981, do not fall within the class described in *Nye*. The plaintiffs representing the claims of these decedents, therefore, may not benefit from the tolling effect of the *Nye* action and their claims are accordingly barred by the No-fault Act's statute of limitations.

Order affirmed.