## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and Chichester School District, on behalf of themselves and all others similarly situated,
Petitioners

v.

Michael Rossi, in the official capacity as the Prothonotary of the Court of Common Pleas of Beaver County, Pennsylvania, and Cathy J. Fetter, in the official capacity as the Prothonotary of the Court of Common Pleas of Bedford County, Pennsylvania, and Jonathan K. DelCollo in the official capacity as the Prothonotary of the Court of Common Pleas of Berks County, Pennsylvania, and Robin G. Patton in the official capacity as the Prothonotary of the Court of Common Pleas of Blair County, Pennsylvania, and Dawn Close in the official capacity as the Prothonotary of the Court of Common Pleas of Bradford County, Pennsylvania and Judith Reiss in the official capacity as the Prothonotary of the Court of Common Pleas of Bucks County, Pennsylvania, and Kelly Ferrari in the official capacity as the Prothonotary of the Court of Common Pleas of Butler County, Pennsylvania, and Lisa Crynock in the official capacity as the Prothonotary of the Court of Common Pleas of Cambria County, Pennsylvania, and Mary Grace Olay in the official capacity as the Prothonotary of the Court of Common Pleas of Cameron County, Pennsylvania, and Kayla M. Semmel in the official capacity as the Prothonotary of the Court of Common Pleas of Carbon County, Pennsylvania, and

Jeremy S. Breon in the official capacity as the Prothonotary of the Court of Common Pleas of Centre County, Pennsylvania, and Debbie Bookman in the official capacity as the Prothonotary of the Court of Common Pleas of Chester County, Pennsylvania, and Jeffrey Hines in the official capacity as the Prothonotary of the Court of Common Pleas of Clarion County, Pennsylvania, and Brian K. Spencer in the official capacity as the Prothonotary of the Court of Common Pleas of Clearfield County, Pennsylvania, and Cynthia A. Love in the official capacity as the Prothonotary of the Court of Common Pleas of Clinton County, Pennsylvania, and Barbara N. Silvetti in the official capacity as the Prothonotary of the Court of Common Pleas of Columbia County, Pennsylvania, and Emmy Arnett in the official capacity as the Prothonotary of the Court of Common Pleas of Crawford County, Pennsylvania, and Dale E. Sabadish in the official capacity as the Prothonotary of the Court of Common Pleas, of Cumberland County, Pennsylvania, and Mary J. Walk in the official capacity as the Director of Office of Judicial Support of the Court of Common Pleas of Delaware County, Pennsylvania, and Nina Capuzzi Frankhouser in the official capacity as the Prothonotary of the Court of Common Pleas of Fayette County, Pennsylvania, and Dawn M. Millin in the official capacity as the Prothonotary of the Court of Common Pleas of Forest County, Pennsylvania, and Timothy Sponseller in the official capacity as the Prothonotary of the Court of Common Pleas of Franklin County, Pennsylvania, and Patty Fix in the official capacity as the Prothonotary of the Court of Common Pleas of Fulton County,

Pennsylvania, and Susan K. White in the official capacity as the Prothonotary of the Court of Common Pleas of Greene County, Pennsylvania, and Kay Coons in the official capacity as the Prothonotary of the Court of Common Pleas of Huntingdon County, Pennsylvania, and Randy Degenkolb in the official capacity as the Prothonotary of the Court of Common Pleas of Indiana County, Pennsylvania, and Tonya S. Geist in the official capacity as the Prothonotary of the Court of Common Pleas of Jefferson County, Pennsylvania, and Lori A. Ferry in the official capacity as the Prothonotary of the Court of Common Pleas of Juniata County, Pennsylvania, and Mauri B. Kelly in the official capacity as the Prothonotary of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Jim Haddock in the official capacity as the Prothonotary of the Court of Common Pleas of Luzerne County, Pennsylvania, and Thomas D. Heap in the official capacity as the Prothonotary of the Court of Common Pleas of Lycoming County, Pennsylvania, and Laura Isadore in the official capacity as the Prothonotary of the Court of Common Pleas of McKean County, Pennsylvania, and Tammy Stuck in the official capacity as the Prothonotary of the Court of Common Pleas of Mifflin County, Pennsylvania, and George Warden in the official capacity as the Prothonotary of the Court of Common Pleas of Monroe County, Pennsylvania, and Susan N. Kauwell in the official capacity as the Prothonotary of the Court of Common Pleas of Montour County, Pennsylvania, and Holly Ruggiero in the official capacity as the Prothonotary of the Court of Common Pleas of Northampton County,

Pennsylvania, and Jamie Saleski in the official capacity as the Prothonotary of the Court of Common Pleas of Northumberland County, Pennsylvania, and Zoe Burd in the official capacity as the Prothonotary of the Court of Common Pleas of Perry County, Pennsylvania, and Denise Fitzpatrick in the official capacity as the Prothonotary of the Court of Common Pleas of Pike County, Pennsylvania, and Bridget Miller in the official capacity as the Prothonotary of the Court of Common Pleas of Schuylkill County, Pennsylvania, and Stephanie Wolf in the official capacity as the Prothonotary of the Court of Common Pleas of Snyder County, Pennsylvania, and Angie G. Svonavec in the official capacity as the Prothonotary of the Court of Common Pleas of Somerset County, Pennsylvania, and Kellie Carpenter in the official capacity as the Prothonotary of the Court of Common Pleas of Sullivan County, Pennsylvania, and Marie Seymour in the official capacity as the Prothonotary of the Court of Common Pleas of Tioga County, Pennsylvania, and Diane Miller in the official capacity as the Prothonotary of the Court of Common Pleas of Union County, Pennsylvania, and Paula M. Palmer in the official capacity as the Prothonotary of the Court of Common Pleas of Venango County, Pennsylvania, and Jen Phillips in the official capacity as the Prothonotary of the Court of Common Pleas of Warren County, Pennsylvania, and Laura Hough in the official capacity as the Prothonotary of the Court of Common Pleas of Washington County, Pennsylvania, and Edward Sandercock in the official capacity as the Prothonotary of the Court of Common Pleas of Wayne County, Pennsylvania, and

Christina O'Brien in the official capacity as the Prothonotary of the Court of Common Pleas of Westmoreland County, Pennsylvania, and Cindy Adams in the official capacity as the Prothonotary of the Court of Common Pleas of Wyoming County, Pennsylvania, and Allison Blew in the official capacity as the Prothonotary of the Court of Common Pleas of York County, Pennsylvania,

                      Respondents          No. 133 M.D. 2021

                                   Submitted: November 15, 2022

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

## ***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: January 24, 2023

       This is a putative class action filed by Petitioners Chester Upland School District and Chichester School District (Petitioners) on behalf of themselves and all similarly-situated political subdivisions against the Director of the Office of Judicial Support of the County of Delaware (Delaware OJS) and 52 prothonotaries of courts of common pleas in second class A, third through eighth class, and home rule counties. Petitioners seek declaratory, injunctive, and mandamus relief, as well as damages, due to Respondents' alleged overcharging of court fees under the applicable sections of what commonly is known as the Prothonotary Fee Act. *See*

42 P.S. §§ 21071 and 21075 (third through eighth class counties),[1] 21161 and 21165 (second class A counties).[2]

Before the Court are the preliminary objections (POs) to Petitioners' Second Amended Petition for Review (Second Amended Petition) filed by Delaware OJS and the Prothonotaries of Beaver, Bedford, Berks, Blair, Bradford, Bucks, Butler, Cambria, Carbon, Centre, Chester, Clarion, Clearfield, Clinton, Columbia, Crawford, Cumberland, Fayette, Forest, Franklin, Fulton, Greene, Huntingdon, Indiana, Jefferson, Juniata, Lackawanna, Luzerne, Lycoming, McKean, Mifflin, Monroe, Montour, Northampton, Northumberland, Perry, Pike, Schuylkill, Snyder, Sullivan, Tioga, Union, Venango, Warren, Washington, Wayne, Westmoreland, Wyoming, and York Counties (Respondents).[3]

Upon review, we conclude that the Second Amended Petition does not remedy the deficiencies we previously identified in the First Amended Petition. We accordingly sustain Respondents' POs, in part, and dismiss the Second Amended Petition. Further, because Petitioners have had ample opportunity to amend their pleading to state cognizable claims against Respondents and have failed to do so, we dismiss with prejudice.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A. *Chester Upland I*

Petitioners filed an original petition for review on April 26, 2021. After Respondents filed POs, Petitioners filed an amended petition for review on July 12,

---

[1] Act of November 26, 1982, P.L. 744, *as amended*. Sections 1 and 5 of the Prothonotary Fee Act, 42 P.S. §§ 21071, 21075, apply to third through eighth class and home rule counties.

[2] Act of February 14, 1986 (1986 Act), P.L. 7, *as amended*. Sections 1 and 5 of the 1986 Act, 42 P.S. §§ 21161, 21165, apply to second class A counties only.

[3] We note that Cameron and Somerset Counties are not included in Respondents' POs or brief.

2021 (First Amended Petition). In the First Amended Petition, Petitioners asserted claims for declaratory judgment and unjust enrichment and sought injunctive relief and damages. Respondents again filed POs. In an opinion and order filed April 29, 2022, we sustained the POs, in part, and dismissed the First Amended Petition without prejudice. *See Chester Upland School District v. Rossi*, 275 A.3d 1117 (Pa. Cmwlth. 2021) (*Chester Upland I*). We summarized in *Chester Upland I* the material allegations of Petitioners' claims:

> Petitioners are two political subdivisions located in Delaware County. Petitioners seek to represent a proposed class of all political subdivisions, as defined by 101 Pa. Code § 23.226 ("school districts, municipalities, and counties, as applicable"), throughout the entire Commonwealth of Pennsylvania which have in the preceding four years filed a document in any of the Respondents' Courts of Common Pleas and which were charged fees in excess of the statutorily set fees. There are in excess of 3,000 members in the proposed class definition.
>
> Each of the parties constituting a Respondent is a Prothonotary, or counterpart, of a home rule county or county of the second class A or of the third to eighth class. Petitioners assert[:]
>
>> 66. Pursuant to Pennsylvania law relating to a county of Class 2 A through Class 8, the maximum fee to be charged to the Commonwealth or a political subdivision for any one of the services provided herein shall be $10. 42 P.S. § 21075; 42 P.S. § 21165.
>>
>> 67. Upon information and belief, during the period of time from the respective effective dates of 42 P.S. § 21075 (during 1982) and 42 P.S. § 21165 (during 1986), as applicable, up to the date of the filing of this [Second Amended] Petition, each of the Respondents has overcharged one or more of the Petitioners, in violation of the foregoing statutory limitation.

3

68. Petitioners allege that each Respondent has overcharged a Petitioner and/or Petitioners for court services in excess of the statutory limitation and instead charged Petitioner(s) the same amount it charged to a party which is not a political subdivision.

[Second Amended Petition] ¶¶ 66-68 (footnote[s] omitted).

Petitioners allege that they personally were charged unauthorized and excessive court fees by [Delaware OJS] in violation of the $10 maximums set forth in section 5 of the Prothonotary Fee Act and section 5 of the 1986 Act. Petitioners do not allege specifically that either of them has paid a court fee to any County's prothonotary other than to [Delaware OJS]. They aver that they require discovery in order to ascertain the factual details about which of the Respondents overcharged which of the Petitioners, and the factual details of the parties, dates, and amounts of all instances of an overcharge.

In Count I, Petitioners request the entry of a declaratory judgment that Respondents have violated the Prothonotary Fee Act and the 1986 Act by overcharging the putative class members for court fees and should be compelled to issue refunds.

In Count II, Petitioners allege that, during the four-year period prior to the date of filing of their [Second] Amended Petition, all Respondents have been unjustly enriched by receiving fees that are more than the statutorily limited court fees.

Petitioners further request class certification, issuance of an injunction limiting all Respondents from collecting fees, an award of counsel fees and costs, and an award of money damages as reimbursement for excessive fees.

*Chester Upland I*, 275 A.3d at 1123-24 (quotations, footnotes, and most citations omitted).

### B. Second Amended Petition for Review

After we dismissed the First Amended Petition without prejudice, Petitioners filed the Second Amended Petition on May 31, 2021. In addition to reasserting declaratory judgment and unjust enrichment claims, Petitioners added a claim for mandamus relief (Count III), in which they seek to compel Respondents to revise their fee schedules to eliminate the overcharging of political subdivisions. They also seek mandamus-related damages pursuant to 42 Pa. C.S. § 8303.[4]

Petitioners have added several new allegations and exhibits to the Second Amended Petition detailing the filing fees charged by prothonotaries throughout the Commonwealth. They first identify 12 prothonotaries[5] that have not been named as parties to this action because their filing fees for political subdivisions are "significantly lower" than comparable fees charged by Respondents. (Second Am. Pet. ¶¶ 69-71; Ex. P-1.) Petitioners also attach a demonstrative exhibit showing the differences between the filing fees charged to political subdivisions and other litigants by these non-party prothonotaries. The exhibit also identifies the "range of variance" among those differences. (*Id.* ¶¶ 73-77; Ex. P-2.)

Petitioners further attach a spreadsheet showing the filing fees charged to several school districts by 12 Respondent prothonotaries,[6] which fees allegedly

---

[4] Section 8303 of the Judicial Code provides that "[a] person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." 42 Pa. C.S. § 8303.

[5] Adams, Armstrong, Dauphin, Elk, Erie, Lancaster, Lawrence, Lebanon, Mercer, Lehigh, Montgomery, and Susquehanna Counties. (Second Am. Pet. ¶ 71.)

[6] Berks, Bradford, Butler, Cambria, Cumberland, Delaware, Greene, Luzerne, Monroe, Northampton, Westmoreland, and York Counties. (Second Am. Pet. ¶ 79.)

indicate overcharging.  (Second Am. Pet. ¶ 81; Ex. P-3.)   Also attached are the fee schedules of these 12 Respondent prothonotaries and those of 37 other Respondents. (*Id.* ¶¶ 82-85; Exs. P-4, P-5.)[7]  Petitioners allege "the fact that each of the counties searched showed evidence of overcharging, coupled with the fact that the current versions of publicly-available fee schedules for the other remaining Respondents do not reflect[ ] reduced filing fees for political subdivisions . . . raises the inference that the other remaining Respondents in this case also likely engaged in historical overcharging." (*Id.* ¶ 80.)   Petitioners continue to acknowledge, however, that they do not know the "details of the historical overcharging" of political subdivisions by Respondents.  (*Id.* ¶ 78.)

## II.    DISCUSSION

### A.    Respondents' POs

In their POs to the Second Amended Petition, Respondents lodge several objections, which we paraphrase as follows:

> (1)    The Second Amended Petition was untimely filed more than 20 days after service of this Court's April 29, 2022 order dismissing the First Amended Petition without prejudice (First PO).
>
> (2)    Petitioners still lack standing to assert any of their claims against any Respondents except Delaware OJS. The Second Amended Petition directly contradicts our holding in *Chester Upland I* (Second PO).

---

[7] Paragraph 84 of the Second Amended Petition includes in this list the Counties of Beaver, Bedford, Blair, Bucks, Cameron, Carbon, Centre, Chester, Clarion, Clinton, Columbia, Crawford, Fayette, Forest, Franklin, Fulton, Huntingdon, Indiana, Jefferson, Juniata, Lackawanna, Lycoming, McKean, Mifflin, Montour, Northumberland, Perry, Pike, Schuylkill, Snyder, Somerset, Sullivan, Tioga, Union, Venango, Warren, Washington, Wayne, and Wyoming. We note that Clearfield County is not included in this list, and its fee schedule is omitted from Exhibit P-5.  We further note that the fee schedules of both Perry and Somerset Counties appear to be missing from Exhibit P-5.

(3) Counts I (declaratory judgment) and II (unjust enrichment) of the Second Amended Petition are legally insufficient because increases in filing fees are permitted by the Prothonotary Fee Act, and Petitioners have failed to allege sufficient facts showing they have been charged court fees in excess of statutory limitations (Third and Fourth POs).

(4) Counts I (declaratory judgment) and II (unjust enrichment) of the Second Amended Petition are barred by sovereign, governmental, and quasi-judicial immunity (Fifth PO).

(5) Count I (mandamus) fails as a matter of law because Petitioners cannot show any clear right to mandamus relief (Sixth PO).

(6) Petitioners' request for attorneys' fees fails as a matter of law (Seventh PO).

### B. Analysis

#### 1. Timeliness

In their First PO, Respondents argue that the Second Amended Petition should be dismissed because it was untimely filed under Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 1028(e), Pa.R.Civ.P. 1028(e). Respondents argue that because the Court's order in *Chester Upland I* was entered on April 29, 2021, any amended pleading had to be filed within 20 days of notice of that order. Because the Second Amended Petition was filed outside that window, Respondents contend that it must be dismissed.

Although we acknowledge Respondents' challenge to the timeliness of the Second Amended Petition, because we dismiss it on the merits as set forth *infra*, we need not address the timeliness issue here. Moreover, to the extent that the Second Amended Petition might be untimely, which we do not herein hold, we note

7

that Rule 126 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 126, would permit us in this instance to disregard any procedural irregularity.

Accordingly, we dismiss as moot Respondents' First PO.

### 2. Legal Sufficiency[8]

a. Standing

In their Second PO, Respondents argue that Petitioners still do not have standing to bring claims against any prothonotary except Delaware OJS and that the Second Amended Petition directly contradicts *Chester Upland I*. We agree. Petitioners' Second Amended Petition altogether fails to address this Court's holding in *Chester Upland I* that Petitioners lack standing to bring this action against any Respondents except Delaware OJS. In the First Amended Petition, Petitioners included no allegations that they were charged excessive fees by any Respondent other than Delaware OJS. Relying principally on the Pennsylvania Supreme Court's decision in *Nye v. Erie Insurance Exchange*, 470 A.2d 98 (Pa. 1983), we stated:

> The same standing rules apply for a class[ ]action petitioner and require a causal connection between the named petitioner and all named respondents, even where different respondents are alleged to engage in the same behavior complained of in the action. For a petitioner in a class action to maintain an action against multiple respondents, the petitioner must allege that he has been aggrieved by each respondent; and where the petitioner alleges that he has been aggrieved by only one respondent—and not by any of the others—he fails to

---

[8] In ruling on POs, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). We are not, however, bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain POs where the law makes clear that the petitioner cannot succeed on the claim, but we must resolve any doubt in favor of the petitioner. *Id.* We "may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (citation omitted).

establish the standing necessary to maintain the action against those other respondents.

. . . .

Here, . . . Petitioners purport to bring a class action on behalf of themselves and as representatives of 3,000 other political subdivisions which may have paid unauthorized and excessive court fees to 52 prothonotaries. Under *Nye*, Petitioners lack standing to maintain an action against any Respondents other than [Delaware OJS] because Petitioners fail to allege that they have been aggrieved by the conduct of those other Respondents. Petitioners do not allege any facts or evidence to suggest that either of them ever has been charged any court fees—whether "unauthorized and excessive" or otherwise—by any Respondent other than the Respondent from Delaware County. Petitioners only aver that, as political subdivisions located in Delaware County, they were charged unauthorized and excessive court fees by [Delaware OJS]. For Petitioners to maintain their action against all Respondents, they must allege that they have been aggrieved by each Respondent, which they fail to do. Accordingly, . . . Petitioners lack standing to maintain this action against any Respondent other than [Delaware OJS].

*Chester Upland I*, 275 A.3d at 1126 (citations omitted). Petitioners still have not added any factual allegations suggesting that they have been charged excessive (or any) court fees by any prothonotary in Pennsylvania other than Delaware OJS. They instead "acknowledge that [this] Court has questioned whether all Petitioners in this case have standing as to all Respondents regarding historical overcharging" and claim that they require discovery to address the standing problem. In their brief, Petitioners go further and dismiss out of hand our holding in *Chester Upland I* as a premature "class certification determination." (Petitioners' Brief at 22.)

First, this Court made no class certification determination because no petition for class certification was before us. Second, and more importantly, the

9

reported, precedential opinions of this Court may not be treated as mere suggestions to litigants. The holding in *Chester Upland I* was clear. No additional political subdivisions have been added to this lawsuit that allegedly have been charged excessive fees by any prothonotary in the Commonwealth. Petitioners also have not established that they have been charged any court fees anywhere in the Commonwealth other than in Delaware County. Petitioners therefore have done nothing to supply any additional allegations establishing that they have standing to bring this action against all named Respondents. The Second Amended Petition therefore fails as a matter of law to the extent that it seeks relief against any Respondent other than Delaware OJS. Respondents' Second PO is sustained.

      b.    <u>Declaratory Judgment and Unjust Enrichment</u>

In their Third and Fourth POs, Respondents again challenge Petitioners' claims for declaratory judgment and unjust enrichment, arguing that the Second Amended Petition still does not allege sufficient facts showing that the challenged filing fees were not properly increased and assessed. Again, we agree. In *Chester Upland I*, Respondents challenged Petitioners' declaratory judgment and unjust enrichment claims, arguing that Petitioners had not pled any facts establishing that the allegedly excessive fees were not validly increased under section 1.1[9] of the

---

[9] Section 1.1, added by the Act of December 21, 1998, P.L. 1271, provides, in pertinent part:

> **(a) General rule.--**In counties of the second class A and the third through eighth class, including home rule counties of the same class, the prothonotary may increase any fee or charge that exists as of the effective date of this section with the approval of the president judge. The amount of any increase may not be greater than the aggregate of the consumer price index from the month in which the fee was last established through June 1998.

42 P.S. § 21071.1(a).

10

Prothonotary Fee Act and did not include other fees imposed by other statutes. We agreed, concluding as follows regarding Petitioners' claim for declaratory relief:

> [W]e find the [First] Amended Petition is too uncertain and contingent to entitle Petitioners to the requested declaratory relief. Even if we assume, as alleged, that [Delaware OJS] charged Petitioners court fees in excess of $10, we could not, based on that lone allegation, declare that this conduct violated the Prothonotary Fee Act. Petitioners do not dispute that the Prothonotary Fee Act was amended to allow prothonotaries to increase any fee or charge, and they do not appear to dispute that this includes the prior $10 maximums applicable to political subdivisions. . . . They also do not ask us to declare their rights under the amended fee increase provisions. Rather, it is clear from the [First] Amended Petition that Petitioners are only challenging court fees to the extent that they were in excess of the $10 cap in 42 P.S. § 21075—without regard to the fee increase amendment. *See* [First] Amended Petition, [note] 2 ("This fee is exclusive of other fees and/or surcharges which may be permitted by other authorities, which may include, if and to the extent applicable, 42 P.S. § 21071.1, 42 [Pa. C.S.] § 3733, 42 [Pa. C.S.] § 3733.1, and/or 72 P.S. § 1795.1-E.[10]"). At most, Petitioners have alleged that [Delaware OJS] may have (they are not entirely certain and need discovery to confirm) charged them court fees that were more than $10 and concede that the fee increase provisions allow prothonotaries to charge more than $10. The overriding speculative nature of the allegations in the [First] Amended Petition renders the requested declarations inappropriate as it is far from clear that grant of the requested declaratory relief would be of practical help in ending the controversy. For these reasons, Petitioners' factual allegations are legally insufficient to support this claim for declaratory relief.

---

[10] Section 1795.1-E of the Act of April 9, 1929, P.L. 343, *as amended*, added by the Act of July 10, 2014, P.L. 1053.

11

*Chester Upland I*, 275 A.3d at 1127-28 (internal citations and quotations omitted). We concluded similarly regarding Petitioners' unjust enrichment claim:

> [T]he [First] Amended Petition falls short of pleading the necessary facts to sustain a cause of action for unjust enrichment. First, Petitioners do not describe any instances where [Delaware OJS] overcharged any Petitioner for a court fee. There are no allegations describing amounts that were charged or amounts that were paid, when or by whom. . . . Petitioners further fail to allege any plausible benefit that [Delaware OJS] "unjustly" received as a result of charging Petitioners a court fee in excess of $10. Moreover, based on the allegations, it is apparent that Petitioners themselves do not even know for certain that violations have actually occurred and are using the lawsuit as the means to discover if and when the overcharges actually occurred. However, a general statement that discovery is required to ascertain the necessary facts is not a proper substitute for pleading.
> . . . .
>
> Because Petitioners have not alleged facts suggesting that Respondents received a benefit from Petitioners and that it would be inequitable for Respondents to retain such benefit, the Court must sustain this PO and dismiss Count II.

*Id.* at 1129.

In the Second Amended Petition, Petitioners add multiple new allegations and attach exhibits that, in one form or another, contain or summarize the fee schedules of Respondents and other prothonotaries that have not been sued in this case. These allegations and related exhibits do not rehabilitate Petitioners' declaratory judgment or unjust enrichment claims for several reasons. First, although the exhibits demonstrate that the filing fees across the Commonwealth vary significantly and that certain counties charge political subdivisions less than other litigants, none of the exhibits identifies any actual overcharging by Respondents or

12

any other prothonotary. Petitioners continue to acknowledge, but fail to account for, the fact that prothonotaries can increase their filing fees as approved by the president judge of each county and, further, may or must charge other statutorily imposed fees for the benefit of the Commonwealth. There is no breakdown of any fee charged by any Respondent to show that any portion of the fee is invalid. In short, Petitioners again have failed to allege facts, if assumed to be true, that establish overcharging. The allegations remain vague, incomplete, and do not warrant an "inference" of overcharging by any single Respondent.

Second, the spreadsheets included in Exhibit P-3 do not evidence overcharging of Petitioners by any county prothonotary, including the Delaware OJS. Although certain filing fees charged to Petitioners by Delaware OJS are included, the exhibit does not indicate whether and to what extent each fee properly has been increased over the years or whether and to what extent it includes other validly assessed fees. All that is included is the amount charged, which, as we indicated in *Chester Upland I*, is insufficient in itself to support a claim for declaratory relief or unjust enrichment. Accordingly, we conclude that both Counts I and II fail as a matter of law and must be dismissed. Respondents' Third and Fourth POs are sustained.

  c. <u>Mandamus</u>

In their Sixth PO, Respondents challenge the legal sufficiency of Count III of the Second Amended Petition, which seeks mandamus relief. Petitioners contend that "Respondents have had a clear duty (to comply with the applicable statutes) to perform the ministerial acts to revise their fee schedules and practices to reduce the filing[ ] fees being charged to political subdivisions." (Second Am. Pet. ¶ 124.) They further request the entry of peremptory judgment compelling Respondents to adjust their filing fees to within applicable statutory limits and an award of money damages pursuant to 42 Pa. C.S. § 8303. (*Id.* at 31, ¶ 5.)

13

To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) there are no other adequate and appropriate remedies at law. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). "A mandatory duty is 'one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority.'" *Sanders v. Wetzel*, 223 A.3d 735, 739 (Pa. Cmwlth. 2019) (quoting *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005)). Mandamus is an extraordinary remedy and may not be used to establish legal rights. *Tindell*, 87 A.3d at 1034.

As we already have discussed, Petitioners have not set forth any allegations that, if accepted as true, would establish that they or any other political subdivisions in Pennsylvania have been charged excessive court fees by Delaware OJS or any other prothonotary's office. They therefore have not established a clear legal right to relief or a corresponding duty of Respondents to modify their fee schedules or pay any damages. Accordingly, we conclude that the mandamus claim also fails as a matter of law. Respondents' Sixth PO is sustained.

## III. CONCLUSION

For the above reasons, we conclude that Petitioners' claims suffer from the same deficiencies we identified in *Chester Upland I*. We accordingly sustain Respondents POs as set forth above.[11] Because Petitioners have had multiple opportunities to amend their pleading, we will dismiss the Second Amended Petition with prejudice.

_____
PATRICIA A. McCULLOUGH, Judge

Judges Fizzano Cannon and Wallace did not participate in the decision of this case.

---

[11] We need not address Respondents' Fifth and Seventh POs, which raise issues of immunity and the propriety of attorneys' fees.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and Chichester School District, on behalf of themselves and all others similarly situated,
Petitioners

v.

Michael Rossi, in the official capacity as the Prothonotary of the Court of Common Pleas of Beaver County, Pennsylvania, and Cathy J. Fetter, in the official capacity as the Prothonotary of the Court of Common Pleas of Bedford County, Pennsylvania, and Jonathan K. DelCollo in the official capacity as the Prothonotary of the Court of Common Pleas of Berks County, Pennsylvania, and Robin G. Patton in the official capacity as the Prothonotary of the Court of Common Pleas of Blair County, Pennsylvania, and Dawn Close in the official capacity as the Prothonotary of the Court of Common Pleas of Bradford County, Pennsylvania and Judith Reiss in the official capacity as the Prothonotary of the Court of Common Pleas of Bucks County, Pennsylvania, and Kelly Ferrari in the official capacity as the Prothonotary of the Court of Common Pleas of Butler County, Pennsylvania, and Lisa Crynock in the official capacity as the Prothonotary of the Court of Common Pleas of Cambria County, Pennsylvania, and Mary Grace Olay in the official capacity as the Prothonotary of the Court of Common Pleas of Cameron County, Pennsylvania, and Kayla M. Semmel in the official capacity as the Prothonotary of the Court of Common Pleas of Carbon County, Pennsylvania, and

Jeremy S. Breon in the official capacity as the Prothonotary of the Court of Common Pleas of Centre County, Pennsylvania, and Debbie Bookman in the official capacity as the Prothonotary of the Court of Common Pleas of Chester County, Pennsylvania, and Jeffrey Hines in the official capacity as the Prothonotary of the Court of Common Pleas of Clarion County, Pennsylvania, and Brian K. Spencer in the official capacity as the Prothonotary of the Court of Common Pleas of Clearfield County, Pennsylvania, and Cynthia A. Love in the official capacity as the Prothonotary of the Court of Common Pleas of Clinton County, Pennsylvania, and Barbara N. Silvetti in the official capacity as the Prothonotary of the Court of Common Pleas of Columbia County, Pennsylvania, and Emmy Arnett in the official capacity as the Prothonotary of the Court of Common Pleas of Crawford County, Pennsylvania, and Dale E. Sabadish in the official capacity as the Prothonotary of the Court of Common Pleas, of Cumberland County, Pennsylvania, and Mary J. Walk in the official capacity as the Director of Office of Judicial Support of the Court of Common Pleas of Delaware County, Pennsylvania, and Nina Capuzzi Frankhouser in the official capacity as the Prothonotary of the Court of Common Pleas of Fayette County, Pennsylvania, and Dawn M. Millin in the official capacity as the Prothonotary of the Court of Common Pleas of Forest County, Pennsylvania, and Timothy Sponseller in the official capacity as the Prothonotary of the Court of Common Pleas of Franklin County, Pennsylvania, and Patty Fix in the official capacity as the Prothonotary of the Court of Common Pleas of Fulton County,

Pennsylvania, and Susan K. White in the official capacity as the Prothonotary of the Court of Common Pleas of Greene County, Pennsylvania, and Kay Coons in the official capacity as the Prothonotary of the Court of Common Pleas of Huntingdon County, Pennsylvania, and Randy Degenkolb in the official capacity as the Prothonotary of the Court of Common Pleas of Indiana County, Pennsylvania, and Tonya S. Geist in the official capacity as the Prothonotary of the Court of Common Pleas of Jefferson County, Pennsylvania, and Lori A. Ferry in the official capacity as the Prothonotary of the Court of Common Pleas of Juniata County, Pennsylvania, and Mauri B. Kelly in the official capacity as the Prothonotary of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Jim Haddock in the official capacity as the Prothonotary of the Court of Common Pleas of Luzerne County, Pennsylvania, and Thomas D. Heap in the official capacity as the Prothonotary of the Court of Common Pleas of Lycoming County, Pennsylvania, and Laura Isadore in the official capacity as the Prothonotary of the Court of Common Pleas of McKean County, Pennsylvania, and Tammy Stuck in the official capacity as the Prothonotary of the Court of Common Pleas of Mifflin County, Pennsylvania, and George Warden in the official capacity as the Prothonotary of the Court of Common Pleas of Monroe County, Pennsylvania, and Susan N. Kauwell in the official capacity as the Prothonotary of the Court of Common Pleas of Montour County, Pennsylvania, and Holly Ruggiero in the official capacity as the Prothonotary of the Court of Common Pleas of Northampton County,

Pennsylvania, and Jamie Saleski in the official capacity as the Prothonotary of the Court of Common Pleas of Northumberland County, Pennsylvania, and Zoe Burd in the official capacity as the Prothonotary of the Court of Common Pleas of Perry County, Pennsylvania, and Denise Fitzpatrick in the official capacity as the Prothonotary of the Court of Common Pleas of Pike County, Pennsylvania, and Bridget Miller in the official capacity as the Prothonotary of the Court of Common Pleas of Schuylkill County, Pennsylvania, and Stephanie Wolf in the official capacity as the Prothonotary of the Court of Common Pleas of Snyder County, Pennsylvania, and Angie G. Svonavec in the official capacity as the Prothonotary of the Court of Common Pleas of Somerset County, Pennsylvania, and Kellie Carpenter in the official capacity as the Prothonotary of the Court of Common Pleas of Sullivan County, Pennsylvania, and Marie Seymour in the official capacity as the Prothonotary of the Court of Common Pleas of Tioga County, Pennsylvania, and Diane Miller in the official capacity as the Prothonotary of the Court of Common Pleas of Union County, Pennsylvania, and Paula M. Palmer in the official capacity as the Prothonotary of the Court of Common Pleas of Venango County, Pennsylvania, and Jen Phillips in the official capacity as the Prothonotary of the Court of Common Pleas of Warren County, Pennsylvania, and Laura Hough in the official capacity as the Prothonotary of the Court of Common Pleas of Washington County, Pennsylvania, and Edward Sandercock in the official capacity as the Prothonotary of the Court of Common Pleas of Wayne County, Pennsylvania, and

Christina O'Brien in the official capacity as the Prothonotary of the Court of Common Pleas of Westmoreland County, Pennsylvania, and Cindy Adams in the official capacity as the Prothonotary of the Court of Common Pleas of Wyoming County, Pennsylvania, and Allison Blew in the official capacity as the Prothonotary of the Court of Common Pleas of York County, Pennsylvania,

                    Respondents                    No. 133 M.D. 2021

## *ORDER*

AND NOW, this 24th day of January, 2023, Respondents' preliminary objections to Petitioners' Second Amended Petition are SUSTAINED, in part, and DISMISSED, in part, as moot, as set forth in the foregoing Memorandum Opinion. The Second Amended Petition accordingly is DISMISSED, with prejudice.

 

_____
PATRICIA A. McCULLOUGH, Judge